# LEVINE & ASSOCIATES, P.C.

### ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York  10583**
**e-mail: ml@LevLaw.org**
**Fax  (914) 725-4778**
**Telephone  (914) 600-4288**

June 13, 2021

**Via ECF and e-mail**

Hon. Robert D. Drain
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

### *RE: Congregants of Mosdos v. Mosdos, et. al. (Adv. Pro No. 21-07023)*

Dear Judge Drain:

As the Court is aware, the undersigned is counsel to Defendants Mosdos Chofetz Chaim Inc. ("Mosdos") and Chofetz Chaim Inc. ("CCI") in the above-referenced adversary proceeding.  We are submitting herewith a proposed Order which we believe memorialized the Court's Bench Order of June 11, 2021.  However, we wanted to advise the Court that we will be seeking from Ms. Li in the morning a date for the hearing of a motion to (i) impose, by way of monetary Judgments, the coercive sanctions described in the Court's June 11, 2021 Bench Order (and embodied in the proposed Order being submitted herewith), and (ii) consider additional punitive sanctions.  The reason for that is that, this weekend – literally within *hours* of this Court issuing its Bench Ruling holding them in contempt – Rabbi Mayer Zaks and his family brazenly, intentionally and with impunity violated the Court's Injunction as if it (and the Court's contempt ruling) simply did not exist.  They are (metaphorically speaking) spitting in the face of this Court and *daring* anyone to do anything about it.  The relevant facts (all of which will be established in our forthcoming motion papers) are as set forth below.[1]

After the Court issued the May 25, 2021 Modified Injunction (the "Injunction"), Rabbi Mayer Zaks ("Rabbi Mayer"), through one of his attorneys, Marc Oxman, Esq., filed a notice of appeal from the same to the District Court.  That appeal [Docket No. 21-4688] was assigned to U.S.D.J. Halpern.  On June 8, 2021, Rabbi Mayer replaced Mr. Oxman's firm in that appeal with Robert A. Spolzino, Esq. of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone,

---

[1]  Part of the Court's Injunction Order enjoined Rabbi Mayer Zaks from "disrupting … or interfering with … study taking place on" the CRDI Property.  There is a study group of which Rabbi Aryeh Zaks is the head Rabbi, which study group meets every day (except on Shabbos) on the CRDI Property.  Rabbi Aryeh Zaks pays student stipends to those students to support their studies.  On Sunday morning, June 13th, this group of students atypically did not show up to study.  Rabbi Aryeh investigated and ascertained that it was a result of pressure applied by Rabbi Mayer.  We do not press that incident at this point, however, because the corroborative proof is still being obtained.

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

Hon. Robert D. Drain
Page 2                                                                                    June 13, 2021

LLP [DE-4 in the Docket for that appeal].[2]  The same day, Mr. Spolzino wrote a letter to Judge
Halpern [DE-5] seeking a conference to "entertain Rabbi [Mayer] Zaks' request for a stay of Judge
Drain's order pending the hearing and determination of the appeal."  In that letter, Mr. Spolzino,
after asserting that the appeal purportedly "presents serious issues of jurisdiction and constitutional
propriety," correctly stated that this Court's Injunction "enjoined Rabbi Mayer Zaks from entering
upon the property that was at issue in the bankruptcy proceeding and conducting religious services
there."  The letter incorrectly asserted, however, that "[b]y reason of the order, he [Rabbi Mayer]
has been unable for the past two sabbaths to conduct religious services" in the CCI Building.  In
fact, Rabbi Mayer had, without any authority or permission whatsoever (and in blatant violation

_____

[2]  As the Court is aware, Aaron Twersky, Esq. [1] (of Twersky PLLC) originally represented Rabbi
Mayer in the state court action that became Adversary Proceeding No. 20-08949 in this Court.
This Court dismissed the same after trial and an appeal therefrom is pending before Judge Halpern.
Before that dismissal, however, Mr. Twersky's firm successfully moved to withdraw because of
"irreconcilable differences between Twersky PLLC and" Rabbi Mayer, and Rabbi Mayer's
"failure to pay for a majority of the fees and expenses incurred, despite Agreement to do so and
multiple requests from counsel."  Julie Curley, Esq. [2] (of Kirby Aisner & Curley LLP) also
represented Rabbi Mayer in that Adversary Proceeding.  She successfully moved to withdraw
because of "irreconcilable differences" and a "breach of trust" created by Rabbi Mayer which
"deteriorated the entire attorney client relationship" and Rabbi Mayer's failure to pay
"considerable fees and expenses … despite an agreement to do so."  Melanie Cyganowski, Esq.
[3] and Stanley Lane, Jr., Esq. [4] (of Otterbourg P.C.) also represented Rabbi Mayer in that
Adversary Proceeding.  They successfully moved to withdraw based upon "irreconcilable
differences" including that "Otterbourg and Rabbi Mayer Zaks have come to hold increasingly
divergent views over the appropriate strategy to employ" and that Rabbi Mayer filed to pay
"substantial outstanding fees."  Robert L. Rattet, Esq. [5], Jonathan Pasternack, Esq. [6] and James
B. Glucksman, Esq. [7] (of Davidoff Hutcher & Citron LLP) also appeared in that Adversary
Proceeding (and in the appeals therefrom and from the denial of a reconsideration motion, 21-2872
and 21-2878, respectively) on behalf of Rabbi Mayer.  They filed a motion to withdraw last week
(June 8, 2021) because Rabbi Mayer's "unreasonable requests," made it "not possible to
effectively or ethically represent" Rabbi Mayer, and because Rabbi Mayer's legal fee obligations
"have mushroomed to over $100,000, after payment of the initial retainer."  Brian Condon, Esq.
[8] represented the "congregants" of Mosdos Chofetz Chaim (of which Rabbi Mayer claims to be
one).  He recently advised this Court that his services were purportedly "terminated" on May 20,
2021, although he has not yet moved to withdraw as counsel.  Aside from those attorneys, Rabbi
Mayer (either personally or through an entity) has been represented by Joseph Churgin, Esq. [9],
Marc Oxman, Esq. [10], Julie Pechersky Plitt [11], Avrom Vann, Esq. [12], Anne Penachio, Esq.
[13], Gregory Bitterman, Esq. [14] and Gregory Bitterman, Esq. [15] (who now also claims to
represent CRDI despite the fact that he is suing that entity in another Adversary Proceeding
pending before this Court).  None of them have yet been officially fired or moved to withdraw.
Mr. Spolzino became lawyer number 16 representing Rabbi Mayer or one or another of his
nominee entities.

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

Hon. Robert D. Drain
Page 3

June 13, 2021

of the Injunction) *actually* entered and conducted services in the CCI Building (to the exclusion of Rabbi Aryeh Zaks) during *both* of the prior sabbaths that Mr. Spolzino referred to. Indeed, not only does this Court have before it on the prior motions *unrebutted* declarations to that effect, but there is also demonstrable physical evidence establishing that.

We did not oppose Mr. Spolzino's request for a conference, but we did oppose any stay of enforcement of the Injunction being granted. Mr. Klestadt (counsel for CRDI) and I thereafter had a meet and confer via Zoom with Mr. Spolzino in an unsuccessful attempt to work out the issues that he raised. When that discussion was winding down, I asked Mr. Spolzino whether Rabbi Mayer Zaks would adhere to this Court's Injunction if Judge Halpern did not stay the same. Mr. Spolzino, assumedly due to naivety from not knowing Rabbi Mayer's history, responded "I assume he will." [We are copying Mr. Spolzino on this letter in the event that he wishes to contest any of the above]. In any event, Judge Halpern granted the request for a conference (*without* imposing any stay) and scheduled the same for June 15, 2021 at 3:30 pm. On June 10, 2021, the day before the contempt hearing was scheduled to take place before this Court, Mr. Spolzino filed another letter motion to Judge Halpern [DE-10], this time asking to advance the conference to a time *before* the contempt hearing took place because otherwise, he asserted, Rabbi Mayer would "continue to be barred from" the CCI Building for the then-upcoming sabbath on June 11-12. By way of endorsement Order [DE-11], Judge Halperin denied the request to advance the conference to a time prior to the contempt hearing being conducted before this Court.[3]

When we appeared before this Court for the June 11, 2021 contempt hearing, M. David Graubard, Esq. (the now *seventeenth* attorney for Rabbi Mayer) appeared on behalf of all of the alleged contemnors (including Rabbi Mayer). Mr. Graubard offered no substantive opposition to the contempt motion, but rather requested that the Court adjourn the hearing. The Court granted that request only to the extent of holding in abeyance the request for compensatory and punitive contempt sanctions, but otherwise went forward with the hearing to determine whether any contempt had occurred and, if so, what coercive sanctions were appropriate. During the course of the hearing, Mr. Graubard (insofar as I understood it without review of the transcript) represented that he would "personally assure" that his clients would not come onto the CRDI Property in violation of the Court's Injunction until an evidentiary hearing took place (again, assumedly, out of naivety regarding Rabbi Mayer Zaks' repeated past refusals to abide by Court Orders).

At the conclusion of the hearing, when the Court announced its decision holding the contemnors (with the exception of Mr. Brody) in contempt and imposing coercive sanctions, the Court made it very, very clear that the same was effective as of the time it was issued (which we believe was approximately 12:30 pm) on May 11, 2021. The Court specifically directed Mr. Graubard to

---

[3] As I indicated in my prior e-mail to the Court, Rabbi Mayer also attempted an end-around the Injunction by (i) attempting to obtain an *ex parte* TRO from the state court in advance of the contempt hearing (which attempt was thwarted by Judge Berliner), and (ii) purporting, on behalf of CRDI (an entity that he is simultaneously suing), to "fire" Mr. Klestadt's firm and direct him to withdraw the contempt motion. The later attempt was thwarted by reality.

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

Hon. Robert D. Drain
Page 4                                                                              June 13, 2021

advise his clients as to that (which he confirmed he would do) and *repeatedly* stated that the contemnors could avoid the application of the coercive sanctions by simply staying out of the CCI Building.

Unfortunately, despite the (assumedly good faith) belief by both Mr. Spolzino and Mr. Graubard that Rabbi Mayer would somehow begin to adhere to this Court's Orders, that proved (again) to be completely unrealistic.  This past sabbath (June 11-12), Rabbi Mayer and the other contemnors again violated the Injunction by entering the CCI Building without permission and interfering with Rabbi Aryeh Zaks' ability to conduct services.  As in the past, they ran ahead of him as he approached the front of the room, dragging a lectern out and having Rabbi Mayer begin to "conduct" the services.  Indeed, it was literally only *hours* after this Court issued its stern and unequivocal direction to the contemnors to "stay out" of the CCI Building to avoid the application of the coercive sanctions that Rabbi Mayer and his family again blatantly violated the Injunction. That is so even though they were obviously *actually* aware of the Court's contempt ruling and its immediate effectiveness.  Rabbi Mayer and his family have apparently decided to go down a very risky, and very slippery, slope – intentionally and with impunity ignoring the Injunction (and other orders) issued by this Court – in the (albeit grossly mistaken) hope that they will be able to obtain a reversal of the same on appeal.  Frankly, it is almost impossible to believe that *any* attorney would have counseled Rabbi Mayer to intentionally violate a Court Order; we prefer to believe, rather, that he is simply completely out of control and will eventually fire whichever attorneys advise him to comply with this Court's orders.

Further, Rabbi Aryeh Zaks received an email on Thursday evening (which he did not see until today) which has now escalated the situation even further.  That e-mail (which is enclosed herewith) reads as follows:

> You don't know me.  But I am familiar with this area and the situation.
>
> You are harassing people.
>
> I don't hold by the laws of Mosser.
>
> You will be convicted of fraud.  The process has started.
>
> When you have done is reprehensible.  Stop now.  A fraud conviction is in your future.

When someone starts out a communication by claiming that "you don't know me," but then makes "insider" threats, it typically means that the recipient in fact *does* know the writer, but that the writer does not want (for obvious reasons) to acknowledge that.  Whoever the coward was that sent this "anonymous" email, it is clear that he was doing so on behalf of (if not at the behest of) Rabbi Mayer.  What is troubling is that Rabbi Mayer's "camp" has apparently now gone beyond vandalism, burglary, perjury, and shameless refusal to comply with Court Orders, to making direct threats (in this case by purported criminal prosecution) unless Rabbi Aryeh "stops" asserting his rights.  This type of conduct is, while not unexpected, nonetheless appalling.

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

Hon. Robert D. Drain
Page 5

June 13, 2021

We wanted the Court to understand why we will be immediately seeking an expeditious hearing of the motion that we will be filing to award punitive sanctions and apply (and potentially) increase the coercive sanctions previously awarded.

Thank you for your attention.

Respectfully,

MICHAEL LEVINE

cc.    M. David Graubard, Esq. (via email at dgraubard@keragraubard.com)
       Robert A. Spolzino, Esq. (via email at RSpolzino@Abramslaw.com)
       Brian K. Condon, Esq. (via email at brian@condonpaxos.com)
       Tracy Klestadt, Esq. (via email at TKlestadt@Klestadt.com)
       Kevin Nash, Esq. (via email at knash@gwfglaw.com)



8:47

**Fraud in the area** Inbox

**save kiryasradin** 8:46 PM
to me

From **save kiryasradin** · savekiryasradin@gmail.com

To      yeshivacc@gmail.com

Date    Jun 10, 2021, 8:46 PM

Standard encryption (TLS).
View security details

You don't know me. But I am familiar with this area and the situation.

You are harassing people.

I don't hold by the laws of Mosser.

You will be convicted of fraud. The process has started.

What you have done is reprehensible. Stop now. A fraud conviction is in your future.

| I agree with you. | Thank you for your response. | Who are you? |