Michael Levine, Esq.
LEVINE & ASSOCIATES, P.C.
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Attorneys for Defendants Mosdos and Chofetz Chaim, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | : Chapter 11 |
| MOSDOS CHOFETZ CHAIM INC., | Case No. 12-23616-rdd |
| | : Post-Confirmation |
| Debtor. | |
|------------------------------------------------X | |
| CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A KIRYAS RADIN, | : Adv. Pro. No. 21-07023-rdd |
| Plaintiff, | |
| - against – | : |
| MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK, | : NOTICE OF DOCKETING OF AMENDED ORDER OF CONTEMPT IMPOSING COERCIVE SANCTIONS |
| Defendants. | : |
|------------------------------------------------X | |

**PLEASE TAKE NOTICE** that an Amended Order of Contempt imposing coercive sanctions, a true copy of which is annexed hereto, was entered on Docket of the within named Court [DE-54 on the docket for Adversary Proceeding No. 21-07023] on June 15, 2021.

Dated: June 16, 2021
    Edgemont, New York

                                              LEVINE & ASSOCIATES, P.C.
                                              By: ____s/*Michael Levine*____
                                                    Michael Levine
                                            15 Barclay Road
                                            Scarsdale, NY  10583
                                            Telephone (914) 600-4288
                                            Facsimile (914) 725-4778
                                            e-mail: ml@LevLaw.org
                                            *Attorneys for Defts. Mosdos*
                                            *and Chofetz Chaim Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          : Chapter 11

MOSDOS CHOFETZ CHAIM INC.,                                      Case No. 12-23616-rdd
                                                                : Post-Confirmation
                                        Debtor.
------------------------------------------------------------X
CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC.
A/K/A KIRYAS RADIN,                                             : Adv. Pro. No. 21-07023-rdd
                                        Plaintiff,
        - against –                                             :

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC.,:
TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION
RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE :
WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS
LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ,    :
DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN
GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING
NATIONAL BANK,
                                        Defendants.            :
------------------------------------------------------------X

### AMENDED ORDER GRANTING MOTION FOR CONTEMPT AS AGAINST RABBI MAYER ZAKS, SHIMON ZAKS, AND YISROEL HOCHMAN AND AWARDING COERCIVE SANCTIONS AGAINST THEM AND NACHUM BRODY, LEAH BERGMAN ZAKS, LEAH TOBY ZAKS BRODY, FAIGE ZAKS HOCHMAN, AND SIMA WEINTRAUB ZAKS

Defendants Chofetz Chaim Inc. ("CCI"), Congregation Radin Development Inc. ("CRDI") and Rabbi Aryeh Zaks (collectively, "Movants") having moved this Court for the issuance of an order to Show Cause directing Rabbi Mayer Zaks, Nachum Brody, Leah Toby Zaks Brody, Yisroel Hochman, Faige Zaks Hochman, Sima Weintraub Zaks, Shimon Zaks, Leah Bergman Zaks and anyone acting in concert with them (collectively, the "Alleged Contemnors"), to Show Cause before this Court why an Order should not be entered (i) determining that the Alleged Contemnors are in contempt of court for their violation of the Court's May 25, 2021 Modified Order Granting

1

Injunctive Relief [DE-24] (the "Injunction"), enjoining Rabbi Mayer Zaks, the Plaintiffs, and their respective agents, servants, employees, and attorneys and other persons who are in active concert or participation with any of them who receive actual notice of the Injunction from, *inter alia*, entering onto or remaining on the real property owned by CRDI, located at 1-50 Kiryas Radin Drive, Spring Valley, New York 10977 (the "CRDI Property"), including without limitation, the yeshiva building located at 50 Kiryas Radin Drive, Spring Valley, New York 10977, or disrupting, conducting or interfering with any religious service or study taking place on the CRDI Property, unless with the permission of CRDI or, as to any portion of the CRDI Property that is leased to another without the permission of the lessee thereof under the terms of such lease, (ii) imposing coercive sanctions against them to ensure future compliance, (iii) awarding compensatory and punitive damages against them, and (iv) directing that any future non-compliance may result in the issuance of a warrant directing the United States Marshal's Service to remove them from the CRDI Property; and the Court having considered the Joint Motion for the issuance of the Order to Show Cause and the imposition of sanctions dated June 3, 2021 [DE-38], the June 1, 2021 Rule 9007-1 Declaration of Michael Levine, Esq. [DE-38-1], and the May 31, 2021 Declaration of Henoch Zaks [DE-38-2] and the exhibits annexed thereto [DE-38-3 through 38-7], all submitted in support of the request for the issuance of the Order to Show Cause and the imposition of sanctions; and the Court having issued an Order to Show Cause on June 3, 2021 [DE-39, the "Order to Show Cause"]; and the Court having considered the Certificates of Service of the same on counsel and on the Alleged Contemnors [DE-40, DE-43], which service was completed in the manner directed by the Court; and the Court having Considered the Notice of Hearing [DE-41] and the Certificate of Service of the same on counsel and the Alleged Contemnors [DE-42, 43]; and the Alleged Contemnors having failed to tender any written opposition with respect thereto;

and the Court having received a letter from Robert I. Rattet, Esq., counsel to Rabbi Mayer Zaks in other matters before this Court, advising the Court that his firm has been "directed by Rabbi Mayer Zaks not to appear in this matter" [DE-47]; and the Court having conduced a hearing on Movants' request for a contempt finding and the imposition of sanctions on June 11, 2021 (the "Hearing"), and the Alleged Contemnors having appeared at the hearing by their counsel, M. David Graubard, Esq., and Mr. Graubard having requested that the Court adjourn the Hearing but offered no substantive opposition to the relief requested therein; and Alleged Contemnor Nachum Brody having appeared at the Hearing and orally asserted that the allegations regarding his personal violations of the Inunction were allegedly inaccurate; and the Court having duly deliberated thereupon; and the Court having announced its ruling and order at the conclusion of the Hearing after such deliberation (the "Bench Order") which was reflected in the transcript of the June 11, 2021 Hearing (the "Hearing Transcript"); and the Court having directed the Alleged Contemnors' counsel, Mr. Graubard to instruct the Alleged Contemnors that, notwithstanding that a written Order would be issued at a later date, the Court's Bench Ruling was effective immediately as of 12:30 p.m. on June 11, 2021, and Mr. Graubard having acknowledged that direction; and good and sufficient cause appearing, the Court entered an Order dated June 14, 2021 granting in part the Movants' request for relief (the "Contempt Order"); and Mr. Graubard as counsel for the Alleged Contemnors having on June 15, 2021 sought the Court's reconsideration of the Contempt Order to the extent that such Order held Leah Toby Zaks Brody, Faige Zaks Hochman, Sima Weintraub Zaks, and Leah Bergman Zaks, and in contempt; and the Movants having consented to the foregoing request; and good and sufficient cause appearing under Fed. R. Bankr. P. 9023 and 9024, it is hereby

**ORDERED** that the Contempt Order is modified as set forth herein; and it is further

**ORDERED** that the Alleged Contemnors' application to adjourn the Hearing is denied as to that aspect of Movants' request as seeks a finding of contempt and the imposition of coercive sanctions, but is granted with respect to the Movants' request for the award of compensatory and punitive sanctions; and it is further

**ORDERED,** that the findings of fact and determinations of applicable law as enunciated by the Court and reflected in the Hearing Transcript are hereby deemed incorporated in this Order and Judgment; and it is further

**ORDERED AND DETERMINED** that, for the reasons set forth in the Bench Order, as reflected in the Hearing Transcript, Plaintiff's motion for an Order of Contempt is granted as to Rabbi Mayer Zaks, Shimon Zaks, Yisroel Hochman and anyone acting in concert with them (the "Contemnors"), and they are hereby held in Contempt of Court by virtue of their willful violation of the Court's May 25, 2021 Injunction, and the motion for an Order of Contempt is held in abeyance as to Alleged Contemnors Nachum Brody, Leah Toby Zaks Brody, Faige Zaks Hochman, Sima Weintraub Zaks, and Leah Bergman Zaks; and it is further

**ORDERED** that, if Movants wish to go forward on their motion for an Order of Contempt as against Nachum Brody, Leah Toby Zaks Brody, Faige Zaks Hochman, Sima Weintraub Zaks, and/or Leah Bergman Zaks and/or for the imposition of compensatory and punitive sanctions for past conduct as against any of the them or any of the Contemnors, Movants should contact Chambers to obtain a hearing date for the same; and it is further

**ORDERED** that coercive sanctions are hereby imposed against the Contemnors, as well as Nachum Brody, Leah Toby Zaks Brody, Faige Zaks Hochman, Sima Weintraub Zaks, and Leah Bergman Zaks in the amount of $5,000 per person per incident (i.e., for each violation of the Court's May 25, 2021 Injunction) that occurs after 1:00 p.m. on June 11, 2021; and it is further

4

ORDERED that the Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation, enforcement and/or implementation of this Order.

Dated: White Plains, New York
      June 15, 2021

                                                         /s/Robert D. Drain
                                                         Hon. Robert D. Drain
                                                         United States Bankruptcy Judge