**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
Email: ml@LevLaw.org
*Litigation Attorneys for Defendant Yom T. Henig*

**Tracy L. Klestadt, Esq.**
**Brendan M. Scott, Esq.**
**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone (212) 972-3000
e-mail: tklestadt@klestadt.com
          bscott@klestadt.com
*Attorneys for all other Defendants and Counterclaimant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X
In re:                                                                : Chapter 11

**MOSDOS CHOFETZ CHAIM INC.,**                         Case No. 12-23616-rdd
                                                                       : Post-Confirmation
                                    Debtor.
------------------------------------------------X
**CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC.**
**A/K/A KIRYAS RADIN,**                                   : Adv. Pro. No. 21-07023-rdd
                                    Plaintiff,
            - against –                                          :

**MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC.,**   :
**TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION**
**RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE**  :
**WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS**
**LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ,**     :
**DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN**
**GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING** :
**NATIONAL BANK,**
                                    Defendants.            :
------------------------------------------------X

**RESPONSIVE DECLARATION OF**
<u>**TRACY L. KLESTADT, ESQ.**</u>

Tracy L. Klestadt, an attorney duly admitted to practice law in the within Court, hereby certifies under the penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1. I am a member of the law firm of Klestadt Winters Jureller Southard & Stevens, LLP. We are the attorneys of record for Congregation Radin Development Inc. ("CRDI") in the within adversary proceeding (the "Adversary Proceeding"). CRDI was one of the defendant entities that brought, on November 19, 2021 a second motion for enforcement of this Court's prior Injunction [DE-136, the "Second Enforcement Motion"].

2. I make this declaration solely to respond to the outrageous allegation and *ad homonym* attack on me personally by M. David Graubard, Esq., counsel to Rabbi Mayer Zaks and the other respondents to the Second Enforcement Motion, in his untimely purported "reply affirmation" of March 2, 2022 [DE-184].

3. Specifically, Mr. Graubard alleged that "[i]f Markowitz is to be believed, not only has Mr. Klestadt lied, under penalty of perjury as an Officer (sic) of the Court, but his law firm has also engaged in six months of motion practice that was nothing less than an ultra-vires assault by an unauthorized law firm on a religious community." In my prior decades of practicing law, I have *never* been accused by *any* attorney or *any* court of either "lying" to a court or engaging in the representation of a client that had not retained my firm. The allegation that I did so here is outrageous and false.

4. So that the Court understands the background, my firm was retained by CRDI on March 2, 2020 by way of a written retainer agreement. A copy of the signature page of the retainer agreement is annexed hereto and labeled Exhibit "1".

5. From the time that my firm was retained by CRDI, we (myself and my colleague Brendan Scott, Esq.) dealt primarily with Henoch Zaks (another trustee of CRDI), but we also

interacted at times with Mr. Markowitz. *Every* invoice that we sent to CRDI for our services was copied to Mr. Markowitz, up to the time that we were advised by Mr. Yacoob that he was substituting for us as counsel for Mr. Markowitz personally.[1] A specimen copy of one of those invoices (redacted to eliminate any privileged materials) is annexed hereto and labeled Exhibit "2").

6. Mr. Markowitz never questioned or objected to any actions that we took on behalf of CRDI, including the contempt motion and the enforcement motion that we filed. From all of that (Mr. Markowitz's signing of a retainer agreement authorizing our firm to take whatever actions as were necessary to protect CRDI, our interactions with Mr. Markowitz up to that point, the sending of our invoices to Mr. Markowitz describing the work we were doing, etc.), I believed that Mr. Markowitz (together with Henoch Zaks) authorized the filing and prosecution of the Second Enforcement Motion.

7. Consequently, when we filed the Second Enforcement Motion in November of 2019, we believed that Mr. Markowitz (together with Henoch Zaks) authorized the same. On December 3, 2021, Mr. Levine submitted two letters to the Court [DE-158 and DE-158-1] wherein he stated, *inter alia*, that Mr. Markowitz had asked him to file a letter stating that he (Mr. Markowitz) "had abstained from any vote to commence or continue this adversary proceeding, and that Henoch Zaks is the trustee that was designated by the balance of the board of CRDI as its corporate representative in this matter." That was the first time that I was aware that Mr. Markowitz claimed that he had abstained from any corporate vote regarding this adversary proceeding, and he never

---

[1] Once we received that notification from Mr. Markowitz, I immediately reported that to this Court on the record during the initial scheduled hearing of the Second Enforcement Motion.

advised me directly as to that even though he received monthly bills charging CRDI for our participation in this matter.

8. I am also aware that Mr. Markowitz recently filed a short declaration stating that he now claims that he did not participate in CRDI's decision making process to authorize the filing of the Second Enforcement Motion, therefore, believes that he did not "authorize" my firm to file the Second Enforcement Motion.  While our understanding was to the contrary, I take him at his word that he did not personally *intend* to authorize the Second Enforcement Motion to be filed and, therefore, was not one of the "Authorized Representatives" of CRDI as referred to in the Court's First Enforcement Order.  That, however, does not in any way diminish my firm's authority to file the same (or my belief that we had such authority), which authority (taking Mr. Markowitz at his word) then came solely from Henoch Zaks.

9. I will be available at the hearing on March 4, 2022 to answer any questions that the Court may have with respect to this issue, however I submit this declaration to dispel the horrendously false, vicious and uncalled for allegations leveled by Mr. Graubard against my firm and me personally.

Dated: March 3, 2022
      New York, New York

                                               *Tracy L. Klestadt*
                                               Tracy L. Klestadt