UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
In re:                                                              : Chapter 11

MOSDOS CHOFETZ CHAIM INC.,                        Case No. 12-23616-rdd
                                                                    : Post-Confirmation

                                            Debtor.
------------------------------------------------X
CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC.
A/K/A KIRYAS RADIN,                                      : Adv. Pro. No. 21-07023-rdd
                                    Plaintiff,
            - against –                                          :

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM    :
INC., TBG RADIN LLC, SHEM OLAM, LLC,
CONGREGATION RADIN DEVELOPMENT INC., ARYEH  :
ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS,
GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL  :
MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T.
HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM  :
ZAKS and STERLING NATIONAL BANK,
                                    Defendants.          :
------------------------------------------------X

### ORDER FINDING RABBI MAYER ZAKS IN CONTEMPT OF COURT AND IMPOSING SANCTIONS

The Court having previously issued a Modified Order Granting Injunctive Relief on May 25, 2021 [DE 24] (the "Injunction") which enjoined Rabbi Mayer Zaks and others from, *inter alia*, entering onto or remaining on the real property owned by Congregation Radin Development Inc. ("CRDI"), located at 1-50 Kiryas Radin Drive, Spring Valley, New York (the "CRDI Property") as specified in such Injunction; and the Court having previously issued on June 14, 2021 an Order [DE 49] modifying a provision in the Injunction to clarify that the Injunction should not be construed as permitting CRDI to bar any person from the CRDI Property who (i) has a valid written lease from CRDI, or (ii) has the legal right to possession of any residential unit located thereupon pursuant to New York law (and is not a squatter) from entering the CRDI Property for the purpose

of entering, occupying or exiting his or her leased unit thereon or exercising any other rights appurtenant thereto; and the Court having thereafter entered an Amended Order [DE 54] holding Rabbi Mayer Zaks and others in contempt of court by virtue of their violation of the Injunction and awarding coercive monetary sanctions against them for any future violations of the Injunction (the "Contempt Order"); and the Contemnors having previously moved this Court on June 28, 2021 for entry of an order granting relief from the Contempt Order [DE 62] (the "Reconsideration Motion"), and the Court having entered an order denying the Reconsideration Motion on July 29, 2021 [DE 89]; and Rabbi Aryeh Zaks, CCI and CRDI (collectively the "Movants") having moved this Court on July 7, 2021 for an order imposing monetary judgments and granting other relief in enforcement of the Court's Contempt Order [DE-65, the "First Enforcement Motion"]; and the Court having issued an Order on September 8, 2021, containing findings of fact and conclusions of law [DE-122, the "Enforcement Order"], which, *inter alia*, reimposed the coercive sanctions previously described by the Court in the Contempt Order; and on August 31, 2021, Rabbi Mayer Zaks and others having made an application to the District Court (Judge Halpern) for a stay of the Enforcement Order, which application was denied by the District Court by memo endorsement on the same day [DE-46 in 21-cv-02878]; and on September 10, 2021, Rabbi Mayer Zaks having made another application to the District Court for an "emergency conference" to consider Rabbi Mayer's request for a stay the Enforcement Order [DE-20 in 21-cv-05654], which application was also denied by the District Court by way of written Order dated September 13, 2021 [DE-24 in 21-05654]; and on November 15, 2021 the Movants having filed a second motion for enforcement of the Court's Injunction and Enforcement Order [DE-136, the "Second Enforcement Motion"]; and the Court having commenced an evidentiary hearing on the Second Enforcement Motion on December 2, 2021, which hearing was thereafter continued for the specified purposes stated by the

Court at the December 2, 2022 hearing to February 7 2022, thereafter adjourned to February 15, 2022, thereafter adjourned to February 25, 2022, and thereafter adjourned to March 4, 2022 [the "Continued Hearing"]; and the Court having stated its frustration at the February 7, 2022 hearing at the conduct of Rabbi Meyer Zaks and members of his family in (a) disregarding the Court's requirements to participate in training to appear remotely for hearings, including the December 2, 2021 hearing, which led to serious problems in the taking of their testimony, (b) repeatedly requesting last-minute adjournments of hearing on the Second Enforcement Motion on multiple unwarranted grounds, (c) continuing to seek to re-argue rulings of the Court rather than addressing the open issues in the Second Enforcement Motion remaining after the December 2, 2021 hearing, and (d) disregarding obligations to appear as a witness [DE 177]; and Rabbi Mayer Zaks having been called as a witness at the Continued Hearing and, as reflected in the transcript of the Continued Hearing [DE 193], having engaged in unruly, disorderly, argumentative, and improper conduct in the presence of the Court after having been sworn in as a witness, which the Court rules was intended to interfere with and disrupt the orderly proceedings before the Court; and the Court having twice warned Rabbi Mayer Zaks to discontinue that conduct under penalty of contempt; and Rabbi Mayer Zaks having ignored those warnings and continued his disruptive conduct, which required the premature termination and further continuance of the Continued Hearing; and the Court having held Rabbi Mayer Zaks in contempt on the record of the Continued Hearing immediately prior to its termination; and the Court having determined that the evidence of Rabbi Mayer Zaks' contempt in the light of the record of the Continued Hearing and the February 7, 2022 hearing is clear and convincing; and such conduct having unduly delayed consideration of the Second Enforcement Motion, needlessly multiplied proceedings before the Court, and required

3

needless repeated preparation for the conclusion of the hearing on the Second Enforcement Motion; and good and sufficient cause appearing, it is hereby

**ORDERED AND ADJUDGED** that Rabbi Mayer Zaks is in civil contempt of Court as a result of his intentionally disruptive, unruly, argumentative, and disorderly conduct in the presence of the Court while called as a witness on March 4, 2022 and his refusal to abate that conduct after being repeatedly directed to do so by the Court; and it is further

**ORDERED, ADJUDGED AND DECREED,** that as a compensatory sanction for such conduct Rabbi Mayer Zaks shall pay to Movants the amount of Movants' reasonable fees and expenses in preparing for the adjourned hearing on the Second Enforcement Motion, such payment to be made within 7 days of being presented with a bill and supporting time and expense records therefor; and it is further

**ORDERED** that if Rabbi Mayer Zaks continues the foregoing conduct upon the resumption of the Continued Hearing, he shall be subject to further sanction, including the striking of his direct testimony; and it is further

**ORDERED** that this Order, and the relief awarded herein shall be without prejudice to the determination by the Court of the Second Enforcement Motion and is in addition to such other or additional relief, if any, awarded by the Court with respect to such determination, and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation, enforcement and/or implementation of this Order.

Dated: White Plains, New York
        March 23, 2022

/s/ Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge