# EXHIBIT A

21-07023-rdd    Doc 198    Filed 04/14/22    Entered 04/14/22 13:39:09    Main Document
Pg 1 of 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                               : Chapter 11

MOSDOS CHOFETZ CHAIM INC.,                                      Case No. 12-23616-rdd
                                                                                     : Post-Confirmation
                                               Debtor.
------------------------------------------------------------X
CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC.
A/K/A KIRYAS RADIN,                                                 : Adv. Pro. No. 21-07023-rdd
                                               Plaintiff,
                 - against –                                                 :

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM  :
INC., TBG RADIN LLC, SHEM OLAM, LLC,
CONGREGATION RADIN DEVELOPMENT INC., ARYEH :
ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS,
GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL :
MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T.
HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM  :
ZAKS and STERLING NATIONAL BANK,
                                               Defendants.   :
------------------------------------------------------------X

### ORDER AND JUDGMENT PARTIALLY GRANTING AND PARTIALLY DENYING THE MOTION BY CERTAIN DEFENDANTS FOR THE IMPOSITION OF CONTEMPT SANCTIONS

The Court having previously issued a Modified Order Granting Injunctive Relief on May 25, 2021 [DE 24] (the "Injunction") which enjoined Rabbi Mayer Zaks and others from, *inter alia*, entering onto or remaining on the real property owned by Congregation Radin Development Inc. ("CRDI") located at 1-50 Kiryas Radin Drive, Spring Valley, New York (the "CRDI Property") as specified in such Injunction; and the Court having previously issued on June 14, 2021 an Order [DE 49] modifying a provision in the Injunction to clarify that the Injunction should not be construed as permitting CRDI to bar any person from the CRDI Property who (i) has a valid written lease from CRDI, or (ii) has the legal right to possession of any residential unit located thereupon pursuant to New York law (and is not a squatter) from entering the CRDI Property for the purpose

of entering, occupying or exiting his or her leased unit thereon or exercising any other rights appurtenant thereto; and the Court having thereafter entered an Amended Order [DE 54] holding Rabbi Mayer Zaks and others in contempt of court by virtue of their violation of the Injunction and awarding coercive monetary sanctions against them for any future violations of the Injunction (the "Contempt Order"); and the Contemnors having previously moved this Court on June 28, 2021 for entry of an order granting relief from the Contempt Order [DE 62] (the "Reconsideration Motion"), and the Court having entered an order denying the Reconsideration Motion on July 29, 2021 [DE 89]; and

Rabbi Aryeh Zaks, CCI and CRDI (collectively the "Movants") having moved this Court on July 7, 2021 for an order imposing monetary judgments and granting other relief in enforcement of the Court's Contempt Order [DE-65, the "First Enforcement Motion"]; and the Court having issued an Order on September 8, 2021, containing findings of fact and conclusions of law [DE-122, the "First Enforcement Order"], which, *inter alia*, reimposed the coercive sanctions previously described in the Contempt Order; and on August 31, 2021, Rabbi Mayer Zaks and others having made an application to the District Court for a stay of the First Enforcement Order, which application was denied by the District Court by memo endorsement on the same day [DE-46 in 21-cv-02878]; and on September 10, 2021, Rabbi Mayer Zaks having made another application to the District Court for an "emergency conference" to consider Rabbi Mayer Zaks' request for a stay the First Enforcement Order [DE-20 in 21-cv-05654], which application was also denied by the District Court by way of written Order dated September 13, 2021 [DE-24 in 21-05654]; and

On November 19, 2021, the Movants having filed a second motion for enforcement of the Court's Injunction and First Enforcement Order [DE-136, the "Second Enforcement Motion"]

seeking the issuance of an order (i) entering monetary judgments in the amounts of the coercive sanctions set forth in the First Enforcement Order as against Rabbi Mayer Zaks, Sima Weintraub Zaks, Shimon Zaks, Leah Bergman Zaks, Nochum Z. Brody (named in the above caption as "Nachum Brody"), Leah Toby Zaks Brody, Yisroel Hochman, and Faige Zaks Hochman (collectively, the "Original Respondents") for their alleged violation of the Injunction and/or the First Enforcement Order, (ii) assessing actual and punitive damages against the Original Respondents for such alleged violations, and (iii) ordering that a writ of body attachment removing the Original Respondents from the CRDI Property be entered for any future violations of the Injunction and/or the First Enforcement Order; and

The Second Enforcement Motion having alleged that, in violation of the Injunction and/or First Enforcement Motion, (i) the Original Respondents repeatedly entered onto the CRDI Property, (ii) Respondents Nochum Z. Brody and Shimon Zaks attempted to encourage persons wishing to enter the synagogue building located on the CRDI Property to go elsewhere, (iii) Respondents Rabbi Mayer Zaks, Shimon Zaks and Nochum Z. Brody interfered with student groups that wished to occupy space on the CRDI Property, (iv) one or more of the Original Respondents harassed a tenant or prospective tenant on the CRDI Property, and (v) Respondent Sima Zaks harassed a representative of one of the Movants on the CRDI Property; and

The Movants having further requested that the Court issue retroactive use and occupancy judgments against the Original Respondents for their concededly unpaid use and occupancy of certain housing units located on the CRDI Property; and

In accordance with the Court's pre-hearing procedure of taking direct testimony by declaration or affidavit with the witness to be present live for cross-examination, the Movants and the Original Respondents having identified their potential witnesses and Movants having filed on

November 30, 2021 the direct hearing declarations of Henoch Zaks [DE-144], with exhibits [DE-144-1 through DE-144-10], and Rabbi Aryeh Zaks [DE-145], both in support of the Second Enforcement Motion, and the Original Respondents having filed the direct hearing certifications (each denominated an "opposition certification") of M. David Graubard [DE-146], Nochum Z. Brody [DE-147], Leah Zaks Brody [DE-148], Yisroel Hochman [DE-149], Faige Hochman [DE-150], Rabbi Mayer Zaks [DE-151], Leah Zaks [DE-152], with exhibits [DE-153], and Sima Zaks [DE-154], all in opposition to the Second Enforcement Motion; and the Court having thereafter commenced the evidentiary hearing on the Second Enforcement Motion on December 2, 2022 (the "Initial Hearing"); and, after the Movants presented their direct case, the Movants having withdrawn the Second Enforcement Motion as against Original Respondents Leah Zaks and Leah Zaks Brody, and rested; and Respondents Mayer Zaks, Sima Zaks, Shimon Zaks, Nochum Z. Brody, Yisroel Hochman and Faige Hochman (the "Remaining Respondents") having then moved the Court to deny the Second Enforcement Motion as to the Remaining Respondents for Movants' alleged failure to make out a prima facie case as against the Remaining Respondents; and

The Court having ruled on the record at the Initial Hearing that (i) the Movants had presented clear and convincing evidence that the Remaining Respondents had entered and remained on the CRDI property in violation of the Injunction [Tr. 203:23-25] and therefore denied the Remaining Respondents' application to dismiss that aspect of the Second Enforcement Motion asserting such ground for relief, (ii) given the Court's rulings excluding certain evidence as being hearsay, Movants had not presented clear and convincing evidence regarding their claims that (a) students were pressured not to occupy space in the CCI synagogue building located on the CRDI Property [Tr. 204:3-8] or (b) a tenant was pressured into terminating a lease agreement on the CRDI Property [Tr. 204:8-15], and the Court therefore granted the Remaining Respondents'

4

application to dismiss that aspect of the Second Enforcement Motion asserting such grounds for relief, (iii) Movants had presented credible evidence that Remaining Respondents Nochum Z. Brody and Shimon Zaks attempted to encourage persons wishing to enter the CCI synagogue building located on the CRDI Property to go elsewhere, and therefore denied the Remaining Respondents' application to dismiss that aspect of the Second Enforcement Motion asserting such grounds for relief pending its assessment of such evidence in the context to the record of the evidentiary hearing to come, including the Remaining Respondents' right to call as witnesses Shimon Zaks and Nochum Z. Brody and others to further develop the record as to such issue [Tr. 205:2-20], (iv) Movants presented credible evidence that Remaining Respondent Sima Zaks threatened Henoch Zaks and his wife on the CRDI Property, and therefore denied the Remaining Respondents' application to dismiss that aspect of the Second Enforcement Motion asserting such grounds for relief pending its assessment of such evidence in the context of the record of the evidentiary hearing to come, including Remaining Respondents the right to call as a witness Sima Zaks and others to rebut Movants' evidence on that issue [Tr. 205:20-206:5]; and the Court having further ruled on the record at the Initial Hearing that the Remaining Respondents had the right to attempt to establish the "impossibility defense to contempt" [Tr. 206:10-19]; and the Court having further ruled on the record at the Initial Hearing that it would consider Movants' request that the Court impose a use and occupancy charge on the Remaining Respondents retroactive to April 2, 2021 (the date when the Court lifted its prior status quo order), and hear evidence regarding the fair rental value of the housing units located on the CRDI Property [Tr. 212:7-16]; and the Court therefore having accorded the Remaining Respondents a 30-day period for discovery on such issues; and the Court having continued the Initial Hearing for the specified purposes stated by the Court at the Initial Hearing and outlined above to February 7 2022 and thereafter adjourned the

hearing to February 15, 2022 and thereafter adjourned hearing date to February 25, 2022 and thereafter adjourned the hearing date to March 4, 2022 [the "Continued Hearing"]; and

Rabbi Mayer Zaks having been called as a witness at the Continued Hearing and, as reflected in the amended transcript of the Continued Hearing [DE 195], having engaged in unruly, disorderly, argumentative, and improper conduct in the presence of the Court after having been sworn in as a witness, for which the Court held Rabbi Mayer Zaks in contempt of Court in its Order dated March 23, 2022 [DE-194]; and the Court having, as a result of the disruptive conduct of Rabbi Mayer Zaks, adjourned the Continued Hearing to April 4, 2022; and

Movants having filed a memorandum of law on February 5, 2022 regarding the impossibility defense [DE-167]; and Remaining Respondents having filed a supplemental declaration of Rabi Mayer Zaks [DE-169], with exhibits [DE-169-1 through 169-3] on February 7, 2022; and the Remaining Respondents having filed a so-called "Motion to Dismiss" the Second Enforcement Motion [DE-174] with exhibits [DE-174-1 through 174-10] on February 10, 2022 (which the Court treated, for the reasons stated by the Court at the April 4, 2022 Continued Hearing and the April 5, 2022 Concluding Hearing, defined below, as a defense to the Second Enforcement Motion to the extent permitted in the light of the litigation posture at that time of the Second Enforcement Motion); and the Remaining Respondents having filed Reply Declarations of M. David Graubard, Esq. [DE-184] with exhibits [DE-184-1 and 184-2] and Joel N. Yacoob, Esq. [DE-185] on March 2, 2022 in support of the so-called "Motion to Dismiss"; and Movants having filed a memorandum of law in response to the so-called "Motion to Dismiss" on February 18, 2022 [DE-178]; and Movants having filed the hearing direct declaration of expert witness Sean Sedaghatpour on February 21, 2022 [DE-179] and the Responsive Declaration of Tracy L.

Klestadt, Esq. on March 3, 3022 [DE-188]; and the hearing on the Motion having thereafter resumed on April 4, 2022 and concluded on April 5, 2022 (the "Concluding Hearing"); and

The Court having made admissibility rulings regarding witness declarations and/or certifications and proposed exhibits, and considered the admissible portions of the same submitted by Movants and the Remaining Respondents, respectively, the cross-examinations and redirect examinations of the witnesses at the Hearing, the Continued Hearing and the Concluding Hearing, the memoranda of law submitted by the parties, and the arguments of counsel for the parties made during of the Hearing, the Continued Hearing and the Concluding Hearing, all as reflected on the transcript of each of the same (collectively, the "Hearing Transcript"); and after due deliberation and for the reasons set forth in the Hearing Transcript,[1] it is hereby

**ORDERED AND ADJUDGED** that the findings of fact and determinations of applicable law, as stated by the Court and reflected in the Hearing Transcript, are incorporated in this Order and Judgment, and, without limiting the foregoing, the Court determines as follows:

1. Movants have established by clear and convincing evidence that Remaining Respondents Rabbi Mayer Zaks, Sima Weintraub Zaks, Shimon Zaks, Nochum Z. Brody, Yisroel Hochman and Faige Hochman each intentionally violated the Injunction and First Enforcement Order by each repeatedly entering onto, using and occupying the CRDI Property after 5:00 pm EST on September 8, 2021, and none of the foregoing Remaining Respondents has established an "impossibility defense" to such contempt;

---

[1] After the Court's bench ruling at the Concluding Hearing, the Court instructed counsel for the Movants to submit a proposed order consistent with the Court's bench ruling to chambers for entry after providing counsel for the Remaining Respondents the opportunity to review it to determine whether the proposed order was consistent with the Court's rulings. The Court received such a proposed order and thereafter an emailed letter from the Remaining Respondents' counsel. That letter in large measure sought to raise new legal and factual issues or to dispute the Court's rulings; because such a letter is not the proper procedural vehicle for such relief, the Court has disregarded those aspects of it and considered only those portions of the letter that asserted that the proposed order was inconsistent with the Court's rulings.

accordingly, Movants' Motion to hold those Remaining Respondents in contempt of Court based on that conduct is **GRANTED**, and each of them is held in contempt of court for engaging in such conduct.

2. Movants have established by clear and convincing evidence that Remaining Respondent Shimon Zaks intentionally violated the Injunction and First Enforcement Order by attempting, after 5:00 pm EST on September 8, 2021, on the CRDI Property, to encourage persons wishing to enter the synagogue building located on the CRDI Property to go elsewhere; accordingly, Movants' Motion to hold Remain Respondent Shimon Zaks in contempt of Court as a result of that conduct is **GRANTED**, and Shimon Zaks is held in contempt of court for engaging in such conduct.

3. Movants have failed to establish by clear and convincing evidence that Remaining Respondent Nochum Z. Brody attempted, after 5:00 pm EST on September 8, 2021, on the CRDI Property, to encourage persons wishing to enter the synagogue building located on the CRDI Property to go elsewhere; accordingly Movants' Motion to hold Nochum Z. Brody in contempt of Court based on that alleged conduct is **DENIED**.

4. Movants have failed to establish by clear and convincing evidence that Remaining Respondents Rabbi Mayer Zaks, Shimon Zaks and/or Nochum Z. Brody interfered with student groups that wished to occupy space on the CRDI Property; accordingly, Movants' Motion to hold those Remaining Respondents in contempt of Court based on that alleged conduct is **DENIED.**

5. Movants have failed to establish by clear and convincing evidence that any Remaining Respondent otherwise harassed any tenant or prospective tenant on the CRDI Property;

accordingly, Movants' Motion to hold any Remaining Respondent in contempt of Court based on that alleged conduct is **DENIED**.

6. Movants have established by clear and convincing evidence that a confrontation occurred on the CRDI Property involving Respondent Sima Zaks and a representative of one of the Movants; however, as a matter of discretion, the Court will not rule that the same rose to the level of contempt at this point and, with a warning to Remaining Respondent Sima Zaks that similar future conduct may be viewed as in contempt of the Injunction and First Enforcement Order warranting the imposition of sanctions, the Court, in the exercise of its discretion, rules that Movants' Motion to hold Remaining Respondent Sima Zaks in contempt of Court as a result of that conduct is **DENIED**.

7. The Court determines that the fair market rental value of the housing units located on the CRDI Property is as follows: (i) $1,975 per month for the two-bedroom units and (ii) $3,375 per month for the townhouse units. The Remaining Respondents having made no payments for their occupancy of units on the CRDI Property to date, Movants' motion for the imposition of judgments for the same is **GRANTED**, and Movants are entitled to the imposition of retroactive use and occupancy judgments against Remaining Respondents for their use and occupancy of such housing units located on the CRDI Property in the amounts determined above as set forth below.

Now, therefore, for the reasons stated above and in the Hearing Transcript, **IT IS HEREBY ORDERED AND ADJUDGED** that, as a result of the contemptuous conduct of Remaining Respondents Rabbi Mayer Zaks, Sima Weintraub Zaks, Shimon Zaks, Nochum Z. Brody, Yisroel Hochman and Faige Hochman in each repeatedly entering onto the CRDI Property

after 5:00 pm EST on September 8, 2021 in violation of the Injunction and First Enforcement Order, Movant CRDI is entitled to compensatory awards as follows:

1. As against Remaining Respondents Rabbi Mayer Zaks, Sima Weintraub Zaks and Shimon Zaks, jointly and severally, a monetary Judgment, for their use and occupancy of the combined units 1 and 3 located on the CRDI Property, consisting of a two-bedroom unit and a townhouse unit, in the amount of $5,350.00 ($1,950 + $3,375) per month for the months of April 2021 through April 2022, inclusive, a period of thirteen months, in the aggregate amount of $69,550.00, and the Court will, simultaneously with the issuance of this Order, issue a separate Judgment in that amount as against those Remaining Respondents and in favor of Movant CRDI.

2. As against Remaining Respondent Nochum Z. Brody, a monetary Judgment, for his use and occupancy of the combined units 2 and 4 located on the CRDI Property, consisting of a two-bedroom unit and a townhouse unit, in the amount of $5,350.00 ($1,950 + $3,375) per month for the months of April 2021 through April of 2022, inclusive, a period of thirteen months, in the aggregate amount of $69,550.00, and the Court will, simultaneously with the issuance of this Order, issue a separate Judgment in that amount as against Remaining Respondent Nochum Z. Brody and in favor of Movant CRDI.

3. As against Remaining Respondents Yisroel Hochman and Faige Hochman, jointly and severally, a monetary Judgment, for their use and occupancy of unit 24 located on the CRDI Property, consisting of a townhouse unit, in the amount of $3,375 per month for the months of April 2021 through April 2022, inclusive, a period of thirteen months, in the aggregate amount of $43,875.00, and the Court will, simultaneously with the

issuance of this Order, issue a separate Judgment in that amount as against those Remaining Respondents and in favor of Movant CRDI; and it is further

**ORDERED AND ADJUDGED** that each such Remaining Respondent shall continue to pay monthly use and occupancy charges to Movant CRDI, in the amounts set forth in the prior decretal paragraph of this Order, on the first day of each month hereafter for each month that such Remaining Respondent remains in use or occupancy of any housing until on the CRDI Property as of the first day of such month; and it is further

**ORDERED AND ADJUDGED** that, as a result of the separate violation of the Injunction and First Enforcement Order and consistent with the coercive sanction set forth in the First Enforcement Order, Remaining Respondent Shimon Zaks shall be liable for a monetary Judgment in the amount of $5,000.00, based on his encouragement, on the CRDI Property, of persons going to the CCI synagogue building located on the CRDI Property to go elsewhere, and the Court will, simultaneously with the issuance of this Order, issue a separate Judgment in that amount as against Respondent Shimon Zaks; and it is further

**ORDERED AND ADJUDGED**, that, in the light of the Court's imposition of the use and occupancy judgments as set forth above, the Court will, in its discretion, reduce the amount of the coercive sanctions previously mandated by the First Enforcement Order from $5,000 per day for the period September 2021 through April 2022 to prospective coercive sanctions of $5,000 per month per Remaining Respondent commencing June 1, 2022 through the date that the respective Remaining Respondent ceases using or occupying the CRDI Property (for the avoidance of doubt, such coercive sanctions shall be paid as provided herein in addition to the past and future use and occupancy charges directed to be paid by this Order); and it is further

**ORDERED AND ADJUDGED**, that, in the light of the award of compensatory use and occupancy judgments as set forth above, and the fact that Movants were not entirely successful on the Second Enforcement Motion, Movants' request for a monetary judgment against the Remaining Respondents for Movants' attorneys' fees in connection with the Second Enforcement Motion is, in the discretion of the Court, **DENIED**; and it is further

**ORDERED** that Remaining Respondents, and any persons occupying any housing unit on the CRDI Property with any of them or through any authority claimed to have been given by any of them, are hereby **DIRECTED** to convey to Movant CRDI possession of, and to entirely vacate, or before June 15, 2022, any housing unit on the CRDI Property being occupied by such Remaining Respondent, it being the Court's intention that this Order shall constitute a Judgment of Possession as referred to in Rule 70 of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 7070, and, in the event of the failure by any Remaining Respondent, or any person acting in concert with him or her, to do so, the Court will enter an order, pursuant to Rule 70 of the Federal Rules of Civil Procedure (as applicable to Bankruptcy adversary proceedings by Rule 7070 of the Federal Rules of Bankruptcy Procedure) directing the Clerk of the Court to issue a Writ of Assistance to the United States Marshall's office to physically remove such Remaining Respondent, and any person acting in concert with him or her, from any housing unit on the CRDI Property; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation, enforcement and/or implementation of this Order.

Dated: White Plains, New York
April 14, 2022

*/s/Robert D. Drain*
United States Bankruptcy Judge