# EXHIBIT B

```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK
```

In re:

**MOSDOS CHOFETZ CHAIM INC.,**

                              Post-Confirmation Debtor.

CONGREGANTS of MOSDOS CHOFETZ CHAIM INC.,

                              Plaintiffs,

                  - against -

MOSDOS CHOFETZ CHAIM INC. et al,

                              Defendants.

Chapter 11
Main Case No. 12-23616-rdd

Adv. Pro. No. 21-07023-rdd

White Plains, New York
June 11, 2021
11:16 a.m. - 1:07 p.m.

- FIRST NOTICE OF HEARING ON ORDER TO SHOW CAUSE FOR CONTEMPT (RELATED TO DOCUMENTS #39 AND #38) (ECF #41)

- JOINT MOTION FOR SANCTIONS - APPLICATION FOR CONTEMPT ORDER AGAINST RABBI MAYER ZAKS AND OTHER NAMED INDIVIDUALS FOR VIOLATION OF PRIOR ORDER OF PROTECTION (RELATED DOC 24) (ECF #38)

               BEFORE THE HONORABLE ROBERT D. DRAIN
                  UNITED STATES BANKRUPTCY JUDGE

                        (Hearing via ZOOM)

Mosdos Chofetz Chaim, Inc. - 6/11/21                    19

1   four, "[F]or the avoidance of doubt, this Order shall not be
2   construed as permitting CRDI or CCI to bar any person who has a
3   valid written lease from CRDI from entering the CRDI Property
4   for the purpose of occupying his or her leased unit thereon or
5   any other appurtenant rights."
6           So, people who have a legal basis, a contractual basis
7   like the students you've referred to, who are living there, and
8   have a right to live there, are not covered by this injunction.
9           MR. GRAUBARD:  Your Honor, if I may?  You're talking
10  about having leases with CRDI, but on page 37 of the hearing,
11  when the court said, "provided that this order shall not enjoin
12  the personal entities' occupancy of the property under a valid
13  and enforceable lease."  It didn't say anything about CRDI --
14          THE COURT:  Well, hold on.  That's fine.  I think
15  since this is simply clarifying this, yes, clearly, if someone
16  has a valid lease, this order doesn't apply to them.  That's not
17  what we're talking about here.  There's not the relief that
18  they're seeking here.
19          MR. GRAUBARD:  But, Your Honor, they're trying to
20  evict these people with large families.
21          THE COURT:  I don't think there's any sort of eviction
22  going on here.  If there is, I will not enforce it.  What is
23  going on here is they are tired of the named parties coming into
24  services and disrupting them, and whoever is staying on the
25  property without any color of right.  These named people are not

Mosdos Chofetz Chaim, Inc. - 6/11/21                    20

1    the students that you're talking about.
2           MR. GRAUBARD:  Your Honor, I'm trying --
3           THE COURT:  You don't represent them.  Right?  Are any
4    of the students who live on the property your clients?
5           MR. GRAUBARD:  Yes.
6           THE COURT:  Which ones?
7           MR. GRAUBARD:  Nochum Brody, Yisroel Mayer Hochman,
8    and Shimon Yaks.  They're either teachers or students who live
9    there under these campus agreements.  And eve Rabbi Mayer Zaks,
10   who's the head, leaves there under an agreement that's been
11   there for years and years and years, as part of his compensation
12   as the Rabbi there, and head of the school.
13          THE COURT:  Okay.  Okay.  So, narrow it down to them.
14   Are those recent agreements or are those longstanding
15   agreements?
16          MR. GRAUBARD:  Some of them re 10, 12 years or longer.
17   It depends on how long each student or teacher has been in the
18   school.
19          THE COURT:  Okay.  All right.  Well, let me ask Mr.
20   Levine and Mr. Klestadt.  Are you looking to enforce this order
21   to evict people under agreements like those that are asserted
22   here?
23          MR. LEVINE:  No, there is no such agreement.  The
24   answer is no, we're not seeking to remove anybody from the
25   premises.  The people that Mr. Graubard, who I've never met or

```
                     Mosdos Chofetz Chaim, Inc. - 6/11/21              21
 1   talked to before, refer to do no live on the premises.  They
 2   have houses and hey live with Rabbi Mayer Zaks.  These are his
 3   family that live with him.  To say that they have some housing
 4   unit is actually inaccurate.
 5              THE COURT:  Regardless, whether they do or they don't,
 6   you're not looking to evict them from a place where they're
 7   living on the property?
 8              MR. LEVINE:  We're not looking to evict anybody in
 9   this court from property that they're living in.  That's
10   correct.
11              THE COURT:  Okay.  All right.
12              MR. GRAUBARD:  Your Honor, Nochum Brody is here, one
13   of my clients.
14              THE COURT:  I'm not going to hear today where Mr.
15   Brody lives.  Maybe because he was talking to you, and you
16   didn't hear what Mr. Levine said.
17              MR. GRAUBARD:  I heard what Mr. Levine said.
18              THE COURT:  Okay.  The relief that they are seeking --
19              MR. GRAUBARD:  But that's contrary to the letters that
20   were delivered to these people.
21              THE COURT:  Well, I don't know.  That's not the relief
22   -- those letters may be sent under state law, they're not the
23   subject of this hearing.
24              MR. GRAUBARD:  Your Honor --
25              THE COURT:  The relief they're seeking before me is
```

```
                    Mosdos Chofetz Chaim, Inc. - 6/11/21              27
 1   are equally reprehensible.  Forcing someone to exclude you by
 2   force, or forcing your way in.  Both of those are contemptuous
 3   of the order.  And see if there can be a modus vivendi, if they
 4   can work out a situation, where they would have access with
 5   suitable undertakings not to disrupt in the future.  But right
 6   now, I don't have a belief that will happen.  So, we have to
 7   actually enforce the order, which is --
 8            MR. GRAUBARD:  Your Honor?
 9            THE COURT:  -- not to come in without permission of
10   CRDI or its tenant.
11            MR. GRAUBARD:  Your Honor?
12            THE COURT:  And that does not apply to people who have
13   a right to live at the property; they're not seeking to enforce
14   my order as far as evictions or anything else like that.  This
15   is access to the property not on the basis of a tenancy, but
16   just on the basis that, I have a right to show up here somehow
17   that is not articulated on a legal basis.
18            MR. GRAUBARD:  So, Mr. Brody, who lives there, who is
19   involved with the school, if he wants to go pray at the services
20   on Saturday morning, this order prevents him from doing that.
21            THE COURT:  Yes, it does.  Unless it's a legal right
22   based on his right to live there, they he can do it.  They have
23   a right to bind him.  Now, I would hope they wouldn't, but I
24   understand why they would if he disrupts services.  If he
25   doesn't, I'm assuming they'll make peace with him and he can
```

```
                    Mosdos Chofetz Chaim, Inc. - 6/11/21              58
 1   provision on the proviso to be clarified.  And that's something
 2   I think you should discuss with Mr. Graubard to make sure we're
 3   covering what I want to have covered, which is not squatters,
 4   squatters.  People can't just come on and say, well, I have a
 5   right to be here.  It's people who've been there a long time,
 6   people who say they have a lease or some sort of agreement, or
 7   people who might have a right of eminent domain or something
 8   like that.  That's the type of people that I want to have
 9   protected from the other provisions of the injunction that say
10   that you can't come onto the property or any portion of it.
11            MR. LEVINE:  Does the court prefer that I submit a
12   separate order modifying the May 25?
13            THE COURT:  Yes, that's probably a good idea.  Yes, I
14   would do it that way.'
15            MR. LEVINE:  All right.
16            THE COURT:  Okay.  And there's something else, Mr.
17   Graubard, you can communicate to your clients.  Again, they may
18   be subject to eviction in some other proceeding, but my order
19   doesn't give CRDI the right to just say, you're out.  It doesn't
20   do that.
21            MR. GRAUBARD:  We understand that, Your Honor.
22   Question?  You want to leave open the date for the future
23   evidentiary hearing?
24            THE COURT:  Look, talk to Mr. Levine.  We'll need a
25   date if he wants to pursue, and Mr. Klestadt wants to pursue the
```