# EXHIBIT D

```
                    UNITED STATES BANKRUPTCY COURT
1                    SOUTHERN DISTRICT OF NEW YORK

2    In re:
                                                    Chapter 11
3         MOSDOS CHOFETZ CHAIM INC.,                Main Case No. 12-23616-rdd

4                                Post-Confirmation Debtor.
     CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC.,
5                                                   Adv. Pro. No. 21-07023-rdd
                                 Plaintiffs,
6                                                   White Plains, New York
                - against -                         August 2, 2021
7    MOSDOS CHOFETZ CHAIM INC. et al,               1:10 p.m. - 2:50 p.m.

                                 Defendants.
8
                                  AGENDA
9
     • EVIDENTIARY HEARING
10
     • ORDER SIGNED ON 7/27/21 (A) GRANTING APPLICATION TO ADJOURN
11     EVIDENTIARY HEARING, (B) RULING ON CERTAIN DISCOVERY DISPUTES, AND
       (C) DIRECTING PARTIES PREPARATION FOR EVIDENTIARY HEARING TO BE HELD
12     ON 8/2/21 AT 01:00 PM AT VIDEOCONFERENCE (ZOOMGOV) (RDD) (RELATED
       DOCS 65, 82, 83, 85) (ECF 87)
13
     • JOINT MOTION FOR SANCTIONS IMPOSING MONETARY JUDGMENTS IN AMOUNT OF
14     COERCIVE SANCTIONS AND GRANTING OTHER RELIEF (RELATED DOC 54) FILED
       BY MICHAEL LEVINE ON BEHALF OF CHOFETZ CHAIM INC. WITH HEARING TO BE
15     HELD ON 7/26/21 AT 10:00 AM AT VIDEOCONFERENCE (ZOOM GOV) (RDD)
       RESPONSES DUE BY 7/19/21 (ATTACHMENTS: #1 PLEADING DECLARATION OF
       RABBI ARYEH ZAKS, #2 EXHIBIT 1 - DELIVERY PROOF, #3 EXHIBIT 2 -
16     NOTICE OF INJUNCTION, #4 EXHIBIT 3 - NOTICE OF INJUNCTION, #5
       EXHIBIT 4 - NOTICE OF INJUNCTION, #6 EXHIBIT 5 - PROOFS OF DELIVERY,
17     #7 EXHIBIT 6 - MARSHALS SERVICE WRIT OF BODY ATTACHMENT GUIDELINES,
       #8 EXHIBIT HOUSING AGREEMENT-NACHUM BRODY, #9 EXHIBIT NACHUM BRODY
       AFFIDAVIT, #10 EXHIBIT DEED, #11 EXHIBIT 10 - PHOTOS, #12 EXHIBIT 11
18     -PHOTO, #13 EXHIBIT 12 - PHOTO, #14 EXHIBIT 13 - PHOTO, #15 EXHIBIT
       14 - PHOTO, #16 EXHIBIT 15 - PHOTO, #17 EXHIBIT 16 - PHOTO, #18
19     EXHIBIT 16A - PHOTO, #19 EXHIBIT 17 - PHOTO, #20 EXHIBIT 18 - PHOTO
       #21 EXHIBIT 19 - PHOTO, #22 EXHIBIT 20 - PHOTO, #23 EXHIBIT 21 -
       PHOTOS, #24 EXHIBIT 22 - PHOTO, #25 EXHIBIT 23 - PHOTO #26 EXHIBIT
20     24 - PHOTO, #27 EXHIBIT 25 - PHOTOS, #28 EXHIBIT 26 - PHOTO, #29
       EXHIBIT PHOTO) (ECF 65)
21
     • OPPOSITION CERTIFICATION OF SHIMON ZAKS TO MOTION OF CERTAIN
22     DEFENDANTS FOR MONETARY DAMAGES (RELATED DOC 65) FILED BY M. DAVID
       GRAUBARD ON BEHALF OF NACHUM BRODY, FAIGE ZAKS HOCHMAN, YISROEL
23     HOCHMAN, MAYER ZAKS, SHIMON ZAKS, SIMA WEINTRAUB ZAKS (ECF 70)

24   • MOSDOS CHOFETZ CHAIM INC. ET AL OPPOSITION CERTIFICATION OF YISROEL
       HOCHMAN TO MOTION OF CERTAIN DEFENDANTS FOR MONETARY DAMAGES
25     (RELATED DOC 65) FILED BY M. DAVID GRAUBARD ON BEHALF OF NACHUM
       BRODY, FAIGE ZAKS HOCHMAN, YISROEL HOCHMAN, MAYER ZAKS, SHIMON ZAKS,
       SIMA WEINTRAUB ZAKS. (ECF 71)
```

Mosdos Chofetz Chaim, Inc. - 8/2/21      7

1   The chapter 11 plan in this case was confirmed years ago and
2   went effective years ago, and the case was closed. It was
3   reopened because of a dispute over whether the sale of the
4   underlying property to Congregation Radin Development that
5   occurred shortly after confirmation of the plan was properly
6   authorized, and I determined that issue, given its close
7   connection to the plan since a portion of the proper
8   authorization dispute included whether the plan had authorized
9   the sale. I have referred to that dispute as a dispute over the
10   so-called contested issues, and ultimately had determined in
11   those issues in a ruling following a couple of hearings, one of
12   which was on March 26, 2021, which went into that history in
13   some detail, and a hearing on April 28, 2021.
14        At the same time, I noted, and I did this at the
15   hearing on May 21, 2021, the hearing I first referred to, that
16   that sale was not a free and clear sale. It was not a sale
17   under 363(f) of the Bankruptcy Code or by its terms, free and
18   clear under 1141(c) of the Code. Although the plan and
19   confirmation order authorized the debtor to sell the property,
20   which limits my jurisdiction, as I noted during that May 21,
21   2021 hearing. I was clear at that hearing that my jurisdiction
22   did not extend, for example, to eviction actions. And
23   acknowledging that, counsels for the movants here, Mr. Levine,
24   stated that we're not looking to evict anybody in this court
25   from property that they're living in, that's correct. That's at

Mosdos Chofetz Chaim, Inc. - 8/2/21                 15

1   Your Honor has a video of that.  So, yes, the gravamen of this
2   motion is that your order was violated because they entered the
3   property without the permission of CRDI or CCI.
4           THE COURT:  Okay.
5           MR. LEVINE:  And I can address those, the rest of what
6   you said regarding Mr. Graubard's argument.
7           THE COURT:  Right.  I think we should because,
8   frankly, until it was raised, and it was raised very late in the
9   day, after a number of orders had been entered, I did not
10  consider it, which is logical since it wasn't raised.  I did
11  consider the New York Not-For-Profit Corporation's Law and have
12  been quite puzzled why it appears that there has been more than
13  one attempt to litigate issues in the state court, but not any
14  of those attempts involved §511 of the New York Not-For-Profit
15  Corporation's Law.
16          On the other hand, there's been no attempt to bring an
17  eviction proceeding in state court either.  And again, there is
18  a backdrop to the injunction here, which again relates to the
19  court's jurisdiction.  And frankly, until Mr. Graubard's
20  statement on the record today, the record was unclear as to what
21  basis the respondents were asserting was their right to be on
22  the property.  They had not opposed the entry of the injunction,
23  except for Mr. Brody.  They had not opposed the initial contempt
24  motion.  And I had to assume at that point, I believe, that they
25  were among their reasons asserting that they had a right to be

                          Mosdos Chofetz Chaim, Inc. - 8/2/21                    28

1    in a context here where I essentially have two orders entered,
2    one an injunction, and one a contempt order, be it not an order
3    awarding sanctions, just giving people warning about coercive
4    sanctions, which no one opposed.  And now we have opposition and
5    there may be some bad consequences for those who didn't oppose
6    because of their choice not to oppose.  I don't know.  But I
7    guess that also is somewhat of a secondary issue, although it's
8    related to this issue because obviously if they're now not able
9    to raise it, then it's not relevant.  It being this religious
10   point that has been raised.
11            MR. GRAUBARD:  Your Honor, David Graubard, if I may.
12   Two things.  Number one, the trespass issue has been raised
13   right from the beginning and they have not gone to state court
14   on those rights yet.
15            THE COURT:  That's fine.  But the religious point,
16   that's really what I'm focusing on.  And it's clear, I'm not
17   enforcing an eviction.  I mean that's not what's going on here.
18   And this isn't based on trespass, this is based upon violation
19   of an order, which assumed that going along with ownership was
20   the right to say how the property would be used, subject to
21   existing rights of people who were on the property.  And the
22   argument that you made in your pretrial memorandum was, that's
23   not really the case.  That there's a division of work in New
24   York and under the constitution between nonreligious rights,
25   like property rights, and religious rights.  And I just haven't