UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOSDOS CHOFETZ CHAIM INC.,<br><br>                              Debtor. | Chapter 11 – Post Confirmation<br><br>  Case No. 12-23616 (RDD) |
| CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A KIRYAS RADIN,<br><br>                           Plaintiffs,<br><br>- against -<br><br>MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK,<br><br>                           Defendants. | Adv. Proc. No. 21-7023 (RDD) |

**ORDER ON MOTION FOR STAY PENDING APPEAL**

Rabbi Mayer Zaks, Sima Zaks Weintraub, Shimon Zaks, Nachum Z. Brody, Yisroel Hochman, and Faigy Hochman (collectively, "Movants") among others, having moved this Court on May 17, 2022 [Adv. Dkt. Nos. 231-237] (the "Motion"), pursuant to Federal Bankruptcy Rules 7062 and 8007, for an order staying this Court's Order and Judgment of April 14, 2022 [Adv. Dkt. No. 198] (the "Second Enforcement Order"), pending appeal, and setting an appropriate supersedeas bond with respect to certain monetary judgments against the Movants issued on April 14, 2022 [Adv. Dkt. Nos. 199-202] (the "Monetary Judgments") pursuant to the Second

1

Enforcement Order; and the Court having considered the Memorandum of Law [Adv. Dkt. No. 237], the Declaration of Daniel S Alter, Esq. and the exhibits annexed thereto [Adv. Dkt. No 232 and Exhs. 1-8], the Declaration of Mayer Zaks [Adv. Dkt. No. 233], the Declaration of Shimon Zaks [Adv. Dkt. No. 234], the Declaration of Faigy Hochman [Adv. Dkt. No. 235], the Declaration of Nachum Brody [Adv. Dkt. No. 236], and the Reply Memorandum of Law [Adv. Dkt. No. 243, as corrected, Adv. Dkt. No. 245], all submitted in support of the Motion; and the Court having considered the Join Memorandum of Law submitted in opposition to the Motion by Congregation Radin Development Inc. ("CRDI"), Chofetz Chaim Inc., and Aryeh Zaks [Adv. Dkt. No. 242]; and upon the record of the hearing held by the Court on the Motion on June 1, 2022 and the arguments of counsel for the parties; and, after due deliberation and for the reasons stated by the Court in its bench ruling on the record of the hearing, the Court having determined that the Movants have carried their burden and are entitled to the requested relief to the extent granted herein, it is hereby

**ORDERED** that the Second Enforcement Order, insofar as it directs Movants and any person acting in concert with any of them to turn over and vacate certain living units located on property owned by CRDI [the "CRDI Property"] by June 15, 2022 or be subject to the Court's entry of an order pursuant to Fed. R. Bankr. P. 7070 directing the physical removal of the Movants and any person acting in concert with any of them from any housing unit on the CRDI Property, is temporarily and conditionally stayed until August 1, 2022 upon the following terms and conditions (the "Stay"):

1. Beginning by 5:00 p.m. on June 8, 2022, and thereafter by 5:00 p.m. on the first day of each month while the Stay remains in effect, the Movants shall pay directly to CRDI or to the Clerk of the Court, as the case may be, or file a bond in a form acceptable to the Court securing payment of, the following amounts:

(a) Rabbi Mayer Zaks, Sima Zaks Weintraub and Shimon Zaks collectively shall pay to CRDI $5,350 per month;

(b) Nachum Z. Brody shall pay to CRDI $5,350 per month;

(c) Yisroel and Faigy Hochman, collectively, shall pay to CRDI $3,375 per month;

(d) Rabbi Mayer Zaks shall separately pay to the Clerk of the Court the sum of $5,000.00;

(e) Sima Zaks Weintraub shall separately pay to the Clerk of the Court the sum of $5,000.00;

(f) Shimon Zaks shall separately pay to the Clerk of the Court the sum of $5,000.00;

(g) Nachum Z. Brody shall separately pay to the Clerk of the Court the sum of $5,000.00;

(h) Yisroel Hochman shall separately pay to the Clerk of the Court the sum of $5,000.00; and

(i) Faigy Hochman shall separately pay to the Clerk of the Court the sum of $5,000.00.

2. If any of the foregoing payments to be paid to CRDI is not timely received by CRDI, or appropriately bonded, CDRI shall file with the Court a certification by counsel that the same was not timely received or bonded and serve a copy of the certification on counsel for the Movants who filed the Motion.  The person required to make the payment or obtain the bond shall then have three days to demonstrate to the Court that the payment has been made or bonded.  If such person fails to demonstrate that the payment was made or bonded in that time, the Stay shall no longer apply to such person or persons, and counsel for CRDI shall submit an order to the Court confirming the foregoing

3. Movants shall promptly seek an expedited appeal of the Second Enforcement Order in the United States District Court for the Southern District of New York, and the parties shall comply with the time limits set forth in Rule 8018 of the Federal Rules of Bankruptcy Procedure except as mutually agreed or directed by such Court; and it is further

**ORDERED** that, by 5:00 pm on June 8, 2022, Movants shall file on the docket of this adversary proceeding a supersedeas bond (the "Supersedeas Bond") from a commercially reputable bonding company acceptable to the Court guaranteeing the payment in the amount of 110% of the total Monetary Judgments entered against them by the Court on April 14, 2022, upon the affirmance of the Second Enforcement Order and/or the respective Monetary Judgments. Upon Movants' posting of the Supersedeas Bond, CRDI shall be prohibited from taking any steps to execute and collect the Monetary Judgments pending Movants' appeal of same. If the Supersedeas Bond is not filed on the docket of this adversary proceeding by that date and time, CRDI may engage in such judgment enforcement actions as it deems fit with respect to the Monetary Judgments; and it is further

**ORDERED** that, for good cause shown, either CRDI or the Movants may seek before this Court to modify, extend, or terminate the Stay at any time before August 1, 2022 in the light of any material changes to the facts presented to the Court at the June 2, 2022 hearing; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation, enforcement and/or implementation of this Order.

Dated: White Plains, New York

June 3, 2022                                           /s/ Robert D. Drain
                                                      Hon. Robert D. Drain
                                                      United States Bankruptcy Judge

4