ABRAMS FENSTERMAN, LLP
81 Main Street, Suite 400
White Plains, New York 10601
914-607-7010
Daniel S. Alter, Esq.
*Counsel for plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOSDOS CHOFETZ CHAIM INC.,<br><br>Debtor. | Chapter 11 - Post Confirmation<br><br>Case No. 12-23616 (RDD) |
| CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A KIRYAS RADIN,<br><br>Plaintiffs,<br><br>— against —<br><br>MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK,<br><br>Defendants. | Adv. Pro. No. 21-07023(RDD) |

**DECLARATION OF DANIEL S. ALTER**

Pursuant to 28 U.S.C. § 1746, Daniel S. Alter declares as follows:

1. I am a member of the law firm of Abrams Fensterman, LLP, counsel for plaintiffs in

1

this adversary proceeding. I submit this declaration in opposition to defendants' motion to vacate the June 3, 2022, order staying the Second Enforcement Order (the "Stay").

2. As a threshold matter, defendants' motion to vacate the Stay should be denied as moot. Plaintiffs have now fully complied with the Court's directive by delivering the *original* bond documentation securing the Stay to both CRDI's counsel and the Clerk of the Court. There is no controversy to resolve. *See Barclay v. Hughes*, 462 F. Supp.2d 314, 315 n.2 (D. Conn. 2006) (denying as moot motion for default for failure to post security for costs where party subsequently posted bond).

3. Nor was there ever a basis to vacate the Stay. Even assuming the Stay order had directed that the original bonds securing payment of the monthly sums due CRDI and the coercive sanctions to the Clerk be delivered to them, which it did not, that has now been done in accordance with the Court's emailed instructions. But the Stay order made no such clear direction and, therefore, the failure to have delivered the original bonds is not a basis for vacating the Stay.

4. The Court issued the stay order on June 3, 2022. Dkt. 246. The order directs the parties who requested the Stay to file two bonds. The first secures the moving parties' obligation to pay monthly use and occupancy costs and potential coercive sanctions. The other guaranties payment of the April 14, 2022, judgments. The directive in the order with respect to the first bond was that the moving parties "file a bond in a form acceptable to the Court securing payment." The second requires that the bond be "filed on the docket of this adversary proceeding."

5. The bonds for CRDI and the Clerk were originally filed on the docket on June 10, 2022. After an error in the payee for each bond was corrected, the corrected bonds were filed on the docket on June 13, 2022. Dkt. 249.[1]

---

[1] Mr. Levine's complaint, in footnote 2 of his motion, is spurious. The bonds were issued on June 10, 2022. The bonds were corrected, not re-issued, on June 13, 2022. Therefore, the surety used the same signature page as was used

2

6. The declaration which accompanied the corrected bonds stated that the original bonds would be forwarded to the Clerk when they were received from the surety, which was expected to occur within seven days. Alter Declaration, Dkt. 249, ¶ 5.

7. The instant controversy began on June 22, 2022, when Mr. Levine, without even the courtesy of emailing counsel to question when the original bonds would be delivered or express his concern that they had not been delivered, emailed a letter to the Court complaining that the original bonds had not been delivered and demanding that the Stay be vacated. Mr. Levine did not file that letter on the docket. A true and correct of that letter copy is attached as Exhibit A.[2]

8. On June 23, 2022, at 2:36 a.m., I responded that – as Mr. Levine was aware – I was out of the country and would not be able to respond immediately. A true and correct copy of that email is attached as Exhibit B. Mr. Levine responded by email at 8:37 a.m. A true and correct copy of that email is Exhibit C.[3]

9. At 8:55 a.m. that morning, the Court emailed a direction that someone at our firm "should ensure the physical delivery of the bonds today or report to the court by email today with an explanation of why they have not been delivered to the Clerk of the Court and CRDI." The email also authorized Mr. Levine to make this motion. A true and correct copy of that email is attached as Exhibit F.

---

for the original bond, dated June 10, 2022, correctly recognizing that its liability had commenced on June 10, 2022. Had the surety issued a new bond dated June 13, 2022, Mr. Levine would no doubt be here arguing that the Stay should be vacated because the bond was not issued until June 13, 2022.

[2] Although Mr. Levine in his motion states that the letter was sent on June 21, 2022, that is incorrect. The letter is dated June 22, 2022 and was emailed to the Court at 7:06 p.m. on June 22, 2022.

[3] Although Mr. Levine professed to be unaware that I was out of the country, I had advised Mr. Levine by email on June 3, 2022, at 9:51 a.m., in connection with the application for a stay that is pending in the Second Circuit, that I would "be out of the country between June 16 and June 24." A true and correct copy of that email is attached as Exhibit D. Similarly, On May 31, 2022, I had had provided both Mr. Levine and the U.S. Court of Appeals for the Second Circuit with a detailed schedule of my absence from the country. A true and correct copy of that letter is attached as Exhibit E.

3

10. On June 23, 2022, at 3:23 p.m., Robert A. Spolzino, Esq. of my office advised the Court by email that the surety, which is in Litchfield Park, Arizona, had sent the original bonds to our office by overnight delivery, and attached a copy of the delivery label to that email. A true and correct copy of that email is attached as Exhibit G.

11. My firm received the original bonds the next morning. The original bond in favor of the Clerk of the Court was delivered to the Clerk later that morning and the original bond in favor of CRDI was sent by overnight delivery to CRDI's counsel that afternoon. A true and correct copies of the delivery documentation is attached as Exhibit H.

12. As this chronology reflects, the issue Mr. Levine raised was addressed in accordance with the Court's instructions within 24 hours. The Clerk and Mr. Klestadt had the original bonds within 48 hours. The original bonds accurately reflect that the surety is bound as of June 10, 2022, for liability of the parties who sought the Stay.

13. In these circumstances, there is no basis to vacate the Stay for at least two reasons. First, there has been no harm whatsoever to CRDI. Second, it is unclear whether there was even a violation of the Stay order since there was no clear direction in the order that the original bonds be filed with the Court or delivered to counsel.

14. Harm to the moving party is essential to vacating a stay. As Justice Stevens stated, "in deciding whether to vacate the stay, I have a duty to consider the potential of irreparable harm to the respective parties." *O'Connor v. Bd. of Ed. of Sch. Dist. 23*, 449 U.S. 1301, 1306 (1980). There was no harm to CRDI here. In fact, Mr. Levine does not even claim that there was any harm. The motion should be denied for this reason alone.

15. Mr. Levine's sole argument is that the Stay should be vacated because the terms of the order have been violated. To make that argument, however, he adds language that is not in the

4

order. He characterizes the order as providing that "if any of the Required Payments were not received or the Bonds not posted (*i.e., filed with the Court and the originals of the same delivered to the beneficiary thereunder*)." But that is not what the order says, as Mr. Levine should know since he participated in its drafting.

16. As the Court is aware, and as noted above, the order provides for two types of bonds, one to cover the monthly use and occupancy costs and potential coercive sanctions, and the other guarantying payment of the April 14, 2022, judgments. The directive in the order with respect to the first bond was that the moving parties "file a bond in a form acceptable to the Court securing payment." As noted above, there is no dispute that the bond was filed on the docket. Nothing in that decretal paragraph of the order refers to the original bond or requires that it be "delivered to the beneficiary thereunder," as Mr. Levine now claims.

17. While Mr. Levine may wish that the term "file" in the decretal paragraph relating to the use and occupancy bond meant that what had to be filed was the original bond, that is certainly not stated in the order, nor is it what he now claims the moving parties failed to do here. With respect to that bond, Mr. Levine's complaint is that the *original* was not delivered to CRDI. There is certainly nothing in the stay order requiring that act.

18. There was no violation of the Stay order here. And, absent any such violation, the motion to vacate the Stay must be denied.

19. But even if there were a violation, the motion to vacate the Stay must be denied because there has been no harm to CRDI.

Dated:   White Plains, New York
         June 27, 2022

_____
Daniel S. Alter