# EXHIBIT A

# LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York 10583-2707
e-mail: ml@LevLaw.org
Fax (914) 725-4778
Telephone (914) 600-4288

June 22, 2022

**Via ECF and email**

Hon. Robert D. Drain
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

*RE: In re Mosdos Chofetz Chaim (21-7023)*

Dear Judge Drain:

Regrettably, I need to address the Court yet again regarding what appears to be the ongoing gamesmanship with respect to the bonds that the Contemnors in the above-referenced adversary proceeding appear to be engaging in. As your Honor will recall, in your order of June 3, 2022 [DE-246, the "Conditional Stay Order"], you granted a conditional stay of your April 14, 2022 Second Enforcement Order [DE-198] provided that the Contemnors commenced the payment of use and occupancy to CRDI, and pay the coercive sanctions to the Clerk of the Court, by June 8, 2022, or submit a bond securing those payments to the entity to which they were due by the same deadline.

The Contemnors failed to make those payments, or to deliver the required bonds, by the June 8, 2022 deadline. On June 10, 2022, CRDI submitted an attorney's declaration attesting to that fact and requesting that the Court immediately vacate the Conditional Stay Order. The same day, Daniel S. Alter, Esq., counsel for the Contemnors, sent an email to the Court (at 12:32 pm) asserting (albeit erroneously) that the Conditional Stay Order included a "three day grace period" which extended the Contemnors' time to make the payments or deliver the required bonds through June 11, 2022. At 5:34 pm on June 10, 2022, Mr. Alter sent an email to the Court representing that he had filed a declaration "demonstrating that the stay movants have secured appeal bonds to cover their use and occupancy charges as well as any incurred coercive sanctions for the period ending August 1, 2022." In that declaration, Mr. Alter further represented that he attached thereto bonds issued "in favor of Congregation Radin Development Inc. ('CRDI Bond') and the Clerk of the United States Bankruptcy Court for the Southern District od New York ('Clerk's Bond')."

Upon reviewing the purported bonds, however, it was painfully obvious that Mr. Alter's representations were inaccurate and the purported "bonds" worthless because, as I pointed out in my email to the Court of June 10, 2022 (5:48 pm), they "purport to obligate the bonding company to 'Mosdos Chofetz Chain Inc. and Congregants of Mosdos Chofetz Chaim Inc. a/k/a Kiryas Radin.' The bonds need to state that the bonding company will pay directly to CRDI the amount

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain
Page 2                                                                                              June 22, 2022

due for use and occupancy upon an affirmance on appeal. This is a very unfunny joke. We repeat our request that this Court issue the Default Order that we previously submitted."

Mr. Alter responded to that by way of his email of June 10, 2022 (7:08 pm). After accusing me of having a "vexatious attitude and approach," and representing that he had "specifically directed the bonding company to issue [the bonds] in favor of CRDI and the Clerk of Court," he condescendingly indicated that he was "fully willing to discuss reasonable amendments that address a valid request for clarification." I responded to that in my e-mail of June 10, 2022 (7:42 pm) by asking the hypothetical question "[s]o, Mr. Alter did not see that his purported instructions to the bonding company were not followed before he sent this useless piece of paper to the Court?" This Court had a similar reaction, ruling in its email of 7:35 pm that day, that:

> The bond is not in favor of CRDI. The order terminating the stay will be entered on Monday if this is not changed to conform to my stay order, which was absolutely clear on this point. To have obtained the bond in favor of entities that the appellants have claimed they control is a willful and bad faith breach of the stay order.

Mr. Alter responded at 8:53 pm that day, representing that he "personally instructed the surety's agent to issue two bonds — one specifically in favor of CRDI and one specifically in favor of the Clerk of Court. Despite that instruction, a copy of which I can provide to the Court on Monday, the surety delivered the bonds in their present form." He argued (incredibly) that "the Stay Movants' good faith is manifest," and attributed the "error" in the bonds to "an inadvertent scrivener's error, which was beyond the Stay Movant's control." This Court immediately saw through that pretense in its responding email of June 11, 2022 (9:54 pm), asking "[h]ow would the surety even know the names of the obviously incorrect beneficiaries of the bond unless told them by your clients? Get it fixed by the close of business on Monday."[1]

On June 13, 2022, Mr. Alter sent an email to the Court (at 10:14 am), representing that the "underwriter for the bonds was notified of the error first thing this morning and was requested to correct the matter as quickly as possible. As soon as the corrected documents are issued today, we notify the Court and deliver them accordingly."[2]  On June 13, 2022 (at 12:26 pm), this Court

---

[1] Mr. Alter never responded to the Court's inquiry as to how the bonding company could have possible known the names of the obviously incorrect beneficiaries.

[2] At 10:39 am that day, Mr. Alter submitted "excerpts" from a prior e-mail chain, and (after again accusing me of "pressing" "vexatious charges" and making "baseless and unprofessional accusations") he represented that "Larry Blisko [was] the agent for the bonding company" and that his attached emails purportedly established that the bonding company was, therefore, "instructed ... to make the bonds in favor of CRDI and the Clerk of the Court." After reviewing those e-mails, however, I emailed the Court (at 11:11 am) and pointed out that (i) the first of the "excerpts" Mr. Alter provided was dated June 9, 2022 – the day *after* the Stay Order required the bond to be posted; (ii) the communications from Mr. Alter were to Mark Blisko's cousin (an insurance broker with LHB Insurance Brokerage), *not* to the bonding company; (iii) therefore, the representation in Mr. Alter's June 10, 2022 (7:08 pm) email to the Court that he "specifically directed *the bonding*

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain
Page 3                                                                                              June 22, 2022

advised Mr. Alter that "[t]he key thing is to have the correct bond in favor of Congregation Radin Development posted today."

At 3:16 pm on June 13, 202, Mr. Alter sent an email to this Court attaching a copy of a declaration that he ECF-filed [DE-249] and which annexing copies of what he referred to as the "corrected appeal bonds." In that declaration, Mr. Alter represented that the Contemnors "will promptly forward to CRDI and the Clerk of the Court the original bond documentation when they receive it from the surety. That documentation is expected to arrive within a week." [Alter Declaration, ¶ 5].[3]

Not unexpectedly, that week (plus another two days) has now come and gone and neither CRDI nor the Court Clerk has received the original bond documents. Simply put, the Contemnors have emphatically *not* "posted" the bonds (which "posting" is not completed until originals of the bonds are delivered to the beneficiaries of the same). Neither CRDI nor the Clerk of the Court has *any* protection at this point since copies of documents attached to an attorney's certification are neither enforceable nor irrevocable.

It is now *two weeks* beyond the June 8, 2022 deadline for the Contemnors to have posted the required bonds and the bonds are *still* not posted (i.e., the originals, assuming that they even exist,

---

*company* to issue the bonds in favor of CRDI and the Clerk of Court" (emphasis added) was completely inaccurate; and (iv) in his June 11, 2022 e-mail, Mr. Alter also misrepresented that he "personally instructed the surety's agent to issue two bonds," when the surety's "agent" was Valerie Aber, *not* Mark Blisko's cousin. Mr. Alter never responded to those observations.

[3] The Southern District requires the filing of an *original* bond, which means it has to be presented to the Orders and Judgments Clerk to have it filed before it becomes effective. Until the original bonds are received by, respectively, CRDI and the Court Clerk, all that we have is (again) worthless pieces of paper attached or an attorney's declaration. The Contemnors can direct that the same be changed, or the bonding company can entirely cancel the same, at *any time* before the originals are actually delivered to the beneficiaries. That is why Mr. Alter represented that the originals would be delivered. Why that would take a week (rather than being sent via overnight delivery) is inexplicable. But that cavalier attitude is consistent with Rabbi Mayer's apparent view throughout that he can do what he wants, when he wants, in whatever manner he wants, regardless of Court orders, directions, or explanations of consequences for noncompliance.

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Robert D. Drain
Page 4                                                                                                    June 22, 2022

have not been delivered).[4] At this point, we believe that it is appropriate for this Court to issue the previously submitted order vacating the stay as a result of the contemnors repeated (and, we submit, intentional) noncompliance with the conditions of the stay.

Thank you for your attention.

Very truly yours,

s/ *Michael Levine*

MICHAEL LEVINE

cc. All counsel (via email)

---

[4] The statement regarding the existence, or lack thereof, of the original bonds, is not meant to be facetious. We did not raise this issue when Mr. Alter filed his June 13, 2022 declaration (because we assumed that we would receive the original bond "within a week") however, our prior examination of the "corrected bonds" raised some suspicion as to their validity. The first tendered bond regarding the funds owed to CRDI (which was annexed to Mr. Alter's June 10, 2022 Declaration) was dated and notarized on June 10, 2022. For ease of reference, a copy of that first bond is annexed to this letter and labeled Exhibit "1". After our protest that the beneficiary of the same was not CRDI, and this Court directed Contemnors (on June 11, 2022) to file a corrected bond by June 13, 2022. Mr. Alter sent an email on June 13, 2022 (at 10:14 am) representing that "the underwriter for the bonds was notified of the error *first thing this morning* and was requested to correct the matter as quickly as possible. As soon as the corrected bonds are issued *today*, we notify (sic) the Court and deliver them accordingly." Thus, it is *impossible* that the "corrected" bonds could have been issued before June 13, 2022, because the request to do so had not yet been made. Yet, when Mr. Alter attached to his June 13, 2022 Declaration a copy of the "corrected" bond in favor of CRDI (a copy of which is annexed to this letter and labeled Exhibit "2"), the same purported to be signed and notarized *on June 10, 2022 – three days before it could have possibly been issued, signed or notarized*. In fact, comparing the two bonds, *the signatures and notarizations on each appear to be exact reproductions of each other*. In other words, it appears *clearly* from the face of the bonds that someone printed out the middle section (containing the beneficiary information and condition of payment) of what now is claimed to be the "corrected bond" on a sheet of paper, pasted it over the same section of the first bond (note how the text is slightly to the left of the other printed material), and photocopied the first bond so that it appeared as if the new language was part of the "corrected bond." Moreover, the signatures of Valerie Aber on the first page of each bond are identical (i.e., she clearly did *not* resign the "corrected bond"), and the notarization page (the next page) is also *exactly* the same on each bond version (including the notary's signature and the ten degree right tilt to the notary stamp. The third page of each are also identical to each other.

    While, as indicated, we did not raise that issue at the time Mr. Alter filed his June 13, 2022 Declaration on the assumption that our receipt of the original "corrected bond" containing original signatures would alleviate the concerns raised by the above-described anomalies, have now *not* received the same in the time represented by Mr. Alter, and those concerns are, consequently, even more worrisome.

# EXHIBIT 1

# Great American Insurance Company

In the <u>United States Bankruptcy</u> Court
<u>Southern District</u> State of New York

| | |
|---|---|
| MOSDOS CHOFETZ CHAIM INC.<br><br>Debtor.<br><br>CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A/ KIRYAS RADIN,<br><br>Plaintiff,<br><br>vs<br><br>MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK,<br><br>Defendants, | Case No. 21-07023-rdd<br><br>UNDERTAKING UNDER SECTION Appeal<br><br>Great American Insurance Company<br>301 E 4th St<br>Cincinnati, OH 45202 |

WHEREAS, the above named <u>Rabbi Mayer Zaks on behalf of the defendants</u> desires to give an undertaking for <u>Appeal</u> as provided in Section _____

NOW THEREFORE, the undersigned Surety, does hereby obligate itself, jointly and severally, to _____
<u>MOSDOS CHOFETZ CHAIM INC., CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A/ KIRYAS RADIN,</u> under said statutory obligations in the sum of <u>Forty Thousand Two Hundred Twenty Five & 00/100</u>
_____ Dollars ($<u>42,225.00</u>).

IN WITNESS WHEREOF, The corporate seal and name of the said Surety Company is hereto affixed and attested by <u>Valerie Aber</u> who declares under penalty of perjury that he is its duly authorized Attorney-in-Fact acting under an unrevoked power of attorney on file with the Clerk of the County in which above entitled Court is located.

Executed at <u>Litchfield Park, AZ</u>, 10th on <u>June 2022</u>

Bond No. <u>E706584</u>

Great American Insurance Company

Attorney-in-Fact Valerie Aber

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

STATE OF __ARIZONA__ } SS.
COUNTY OF __MARICOPA__

ON __06/10/2022__ BEFORE ME, __Joshua Ferman__

PERSONALLY APPEARED __VALERIE ABER,__ __ATTORNEY-IN-FACT__

WHO PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON(S) WHOSE NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED CAPACITY(IES) AND THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED THE INSTRUMENT.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

WITNESS MY HAND AND OFFICIAL SEAL.

SIGNATURE _____

JOSHUA FERMAN
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 561267
Expires April 12, 2023

THIS AREA FOR OFFICIAL NOTORIAL SEAL

# GREAT AMERICAN INSURANCE COMPANY®

Administrative Office: 301 E 4TH STREET • CINCINNATI, OHIO 45202 • 513-369-5000 • FAX 513-723-2740

The number of persons authorized by
this power of attorney is not more than   one

Bond No. E706584

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That the GREAT AMERICAN INSURANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Ohio, does hereby nominate, constitute and appoint the person or persons named below its true and lawful attorney-in-fact, for it and in its name, place and stead to execute on behalf of the said Company, as surety, the specific bond, undertaking or contract of suretyship referenced herein; provided that the liability of the said Company on any such bond, undertaking or contract of suretyship executed under this authority shall not exceed the limit stated below. The bond number on this Power of Attorney must match the bond number on the bond to which it is attached or it is invalid.

| Name | Address | Limit of Power |
|---|---|---|
| Valerie Aber | 13341 W Indian School Road, Suite 305<br>Litchfield Park, AZ 85340 | $42225--- |

IN WITNESS WHEREOF the GREAT AMERICAN INSURANCE COMPANY has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this    10th    day of    June  ,  2022  .

Attest
GREAT AMERICAN INSURANCE COMPANY

*Assistant Secretary*

*Divisional Senior Vice President*
MARK VICARIO (877-377-2405)

STATE OF OHIO, COUNTY OF HAMILTON - ss:

On this 10th day of June, 2022, before me personally appeared MARK VICARIO, to me known, being duly sworn, deposes and says that he resides in Cincinnati, Ohio, that he is a Divisional Senior Vice President of the Bond Division of Great American Insurance Company, the Company described in and which executed the above instrument; that he knows the seal of the said Company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by authority of his office under the By-Laws of said Company, and that he signed his name thereto by like authority.

SUSAN A KOHORST
Notary Public
State of Ohio
My Comm. Expires
May 18, 2025

This Power of Attorney is granted by authority of the following resolutions adopted by the Board of Directors of Great American Insurance Company by unanimous written consent dated June 9, 2008.

RESOLVED: That the Divisional President, the several Divisional Senior Vice Presidents, Divisional Vice Presidents and Divisional Assistant Vice Presidents, or any one of them, be and hereby is authorized, from time to time, to appoint one or more Attorneys-In-Fact to execute on behalf of the Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; to prescribe their respective duties and the respective limits of their authority; and to revoke any such appointment at any time.

RESOLVED FURTHER: That the Company seal and the signature of any of the aforesaid officers and any Secretary or Assistant Secretary of the Company may be affixed by facsimile to any power of attorney or certificate of either given for the execution of any bond, undertaking, contract of suretyship, or other written obligation in the nature thereof, such signature and seal when so used being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.

## CERTIFICATION

I, STEPHEN C. BERAHA, Assistant Secretary of Great American Insurance Company, do hereby certify that the foregoing Power of Attorney and the Resolutions of the Board of Directors of June 9, 2008 have not been revoked and are now in full force and effect.

Signed and sealed this 10th    day of    June  ,  2022  .



*Assistant Secretary*

S1159E (05/20)

# EXHIBIT 2

# Great American Insurance Company

In the <u>United States Bankruptcy</u> Court
<u>Southern District</u>    State of New York

| | |
|---|---|
| MOSDOS CHOFETZ CHAIM INC.<br>Debtor,<br><br>CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A/ KIRYAS RADIN,<br>Plaintiff,<br>vs<br><br>MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK,<br>Defendants; | Case No. 21-07023-rdd<br><br>UNDERTAKING UNDER<br>SECTION Appeal<br><br>Great American Insurance Company<br>301 E 4th St<br>Cincinnati, OH 45202 |

WHEREAS MAYER ZAKS, ON BEHALF OF HIMSELF AND SIMA ZAKS, WEINTRAUB, ARON ZAKS, HENOCH ZAKS, YOSEF TZVI ZAKS, NACHUM Z. BRODY, LEAH BRODY, YISROEL HOCHMAN, AND FAIGY HOCHMAN ("THE ZAKS") DESIRES TO GIVE AN UNDERTAKING FOR AN APPEAL FROM THE ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK "BANKRUPTCY COURT"), DATED APRIL 14, 2022 ("APRIL 14TH ORDER), EVICTING THE ZAKS FROM THEIR HOMES(THE "APPEAL").

NOW THEREFORE, THE UNDERSIGNED SURETY, DOES HEREBY OBLIGATE ITSELF, JOINTLY AND SEVERALLY, TO CONGREGATION RADIN DEVELOPMENT INC., UNDER SAID STATUTORY OBLIGATIONS, IN THE SUM OF FORTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE DOLLARS ($42,225). THAT OBLIGATION IS MADE TO PAY FUTURE USE AND OCCUPANCY CHARGES FOR THE ZAKS' RESIDENTIAL UNITS, AS CALCULATED AND DIRECTED IN ACCORDANCE WITH THE BANKRUPTCY COURT'S ORDER OF JUNE 3, 2022.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT, IF THE ZAKS SHALL WELL AND TRULY PROSECUTE THE APPEAL WITH EFFECT AND SHALL, IF THE JUDGMENT OF THE APPELLATE COURT BE AGAINST IT, PERFORM SUCH JUDGMENT OR DECREE OF SAID COURT, AND PAY ALL SUCH SUMS AS MAY BE AWARDED AGAINST IT ON SUCH APPEAL, THEN THIS OBLIGATION SHALL BE VOID; OTHERWISE TO REMAIN IN FULL FORCE AND EFFECT; THE CONDITION FOR PAYMENT OF THE BOND IS THE DISMISSAL OF THE APPEAL OR THE AFFIRMANCE OF THE APPEAL OF THE BANKRUPTCY COURT'S JUDGMENT OF APRIL 14, 2022 OR ANY MODIFIED JUDGEMENT IN FAVOR OF CONGREGATION RADIN DEVELOPMENT INC.

IN WITNESS WHEREOF, The corporate seal and name of the said Surety Company is hereto affixed and attested by <u>Valerie Aber</u> who declares under penalty of perjury that he is its duly authorized Attorney-in-Fact acting under an (un)revoked power of attorney on file with the Clerk of the County in which above entitled Court is located.

Executed at <u>Litchfield Park, AZ</u>    , 10th    on <u>June 2022</u>

Bond No. E706584

Great American Insurance Company

Attorney-in-Fact Valerie Aber

---

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

---

STATE OF ARIZONA  
COUNTY OF MARICOPA  } ss.

ON 06/10/2022 BEFORE ME, Joshua Ferman

PERSONALLY APPEARED VALERIE ABER, ATTORNEY-IN-FACT

WHO PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON(S) WHOSE NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED CAPACITY(IES) AND THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED THE INSTRUMENT.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

WITNESS MY HAND AND OFFICIAL SEAL.

SIGNATURE _____

JOSHUA FERMAN  
Notary Public - State of Arizona  
MARICOPA COUNTY  
Commission # 561207  
Expires April 12, 2023

THIS AREA FOR OFFICIAL NOTORIAL SEAL

## GREAT AMERICAN INSURANCE COMPANY®
Administrative Office: 301 E 4TH STREET • CINCINNATI, OHIO 45202 • 513-369-5000 • FAX 513-723-2740

The number of persons authorized by
this power of attorney is not more than    one

Bond No. E706584

### POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That the GREAT AMERICAN INSURANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Ohio, does hereby nominate, constitute and appoint the person or persons named below its true and lawful attorney-in-fact, for it and in its name, place and stead to execute on behalf of the said Company, as surety, the specific bond, undertaking or contract of suretyship referenced herein; provided that the liability of the said Company on any such bond, undertaking or contract of suretyship executed under this authority shall not exceed the limit stated below. The bond number on this Power of Attorney must match the bond number on the bond to which it is attached or it is invalid.

| Name | Address | Limit of Power |
|---|---|---|
| Valerie Aber | 13341 W Indian School Road, Suite 305<br>Litchfield Park, AZ 85340 | $42225--- |

IN WITNESS WHEREOF the GREAT AMERICAN INSURANCE COMPANY has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this    10th    day of    June    ,   2022  .

Attest                                              GREAT AMERICAN INSURANCE COMPANY

*Assistant Secretary*                               *Divisional Senior Vice President*
                                                    MARK VICARIO (877-377-2405)

STATE OF OHIO, COUNTY OF HAMILTON - ss:
On this 10th    day of    June    , 2022 , before me personally appeared MARK VICARIO, to me known, being duly sworn, deposes and says that he resides in Cincinnati, Ohio, that he is a Divisional Senior Vice President of the Bond Division of Great American Insurance Company, the Company described in and which executed the above instrument; that he knows the seal of the said Company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by authority of his office under the By-Laws of said Company, and that he signed his name thereto by like authority.



SUSAN A KOHORST
Notary Public
State of Ohio
My Comm. Expires
May 18, 2025

This Power of Attorney is granted by authority of the following resolutions adopted by the Board of Directors of Great American Insurance Company by unanimous written consent dated June 9, 2008.

*RESOLVED: That the Divisional President, the several Divisional Senior Vice Presidents, Divisional Vice Presidents and Divisonal Assistant Vice Presidents, or any one of them, be and hereby is authorized, from time to time, to appoint one or more Attorneys-in-Fact to execute on behalf of the Company, as surety, any and all bonds, undertakings and contracts of suretyship, or other written obligations in the nature thereof; to prescribe their respective duties and the respective limits of their authority; and to revoke any such appointment at any time.*

*RESOLVED FURTHER: That the Company seal and the signature of any of the aforesaid officers and any Secretary or Assistant Secretary of the Company may be affixed by facsimile to any power of attorney or certificate of either given for the execution of any bond, undertaking, contract of suretyship, or other written obligation in the nature thereof, such signature and seal when so used being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.*

### CERTIFICATION

I, STEPHEN C. BERAHA, Assistant Secretary of Great American Insurance Company, do hereby certify that the foregoing Power of Attorney and the Resolutions of the Board of Directors of June 9, 2008 have not been revoked and are now in full force and effect.

Signed and sealed this 10th    day of    June    , 2022 .

*Assistant Secretary*

S1029AE (05/20)