# EXHIBIT C

## Daniel S. Alter

| | |
|---|---|
| **From:** | Michael Levine <ml@levlaw.org> |
| **Sent:** | Thursday, June 23, 2022 8:37 AM |
| **To:** | judge_drain@nysb.uscourts.gov |
| **Cc:** | Leslie Wybiral; Dorothy Li; Bill Coleman; tklestadt_klestadt.com; Taylor Jones; Brendan Scott; Jacqueline Tran; Eddie Andino; Edward Smith; Robert Spolzino; Daniel S. Alter |
| **Subject:** | RE: In re Mosdos Chofetz Chaim Inc., No. 21-7023 |

Caution: This email originated outside of the organization

Dear Judge Drain:

First, I am very sorry to hear that Mr. Alter is experiencing a family emergency, and I wish him the best outcome for that.

I know that this may come as a shock to Mr. Alter, but I do not keep track of his schedule or his whereabouts. Nor do I keep tabs on the number of attorneys in his firm, but a quick trip to his firm's website reveals that there are 106 of them, at least fourteen of which are in its White Plains Office (out of which Mr. Alter operates). Of those fourteen, at least four (in addition to Mr. Alter) have been *actively* involved in this case: Robert Spolzino, Bill Coleman, David Imamura and Edward Smith. Indeed, Mr. Spolzino was present for the hearing of the contemnors' stay motion. Given that, it is difficult to understand why none of the 106 lawyers in the firm, nor any of the fourteen lawyers who share Mr. Alter's office, nor (at the very least) any of the other four lawyers who have been actively involved in this case, could not have arranged for the delivery to CRDI and the Clerk of the Court of the original bonds (assuming that they exist) that were required to be delivered by June 8th. Nor is it comprehensible why Mr. Alter could not have simply made a telephone call to his office (assumedly there are telephones wherever Mr. Alter is) to keep abreast of the accuracy of his representation that the original bonds would be delivered (albeit untimely) to the beneficiaries by June 20 (12 days *after* they were required to be).

Unfortunately, Mr. Alter's email is symptomatic of at least two aspects of the now familiar Rabbi Mayer Zaks gameplan. First, it plays the "musical lawyers" card, where one of Rabbi Mayer's multitude of attorneys claims that he is not *personally* aware of a situation, when others of them clearly would be, in an attempt to delay the issue at hand. Secondly, it employs the "accuse the other side of a 'rant' instead of responding to specific, detailed evidence presented by the other side" strategy. These tiresome tactics have been on display from day one of this case, have been consistently employed by most of Rabbi Mayer Zaks' twenty-four prior attorneys, and appear to still be embraced by present counsel. There are two simple, fundamental issue here: (i) why haven't the bonds been posted (i.e., the originals delivered) by the time they were required to have been (or, at least, by the untimely date Mr. Alter represented they would be), and (ii) how can a bond which could not have *possibly* been issued before June 13, 2022 be dated June 10, 2022 (and appear to be simply an altered photocopy of a prior bond)? Mr. Alter has not addressed either of those issues but, more importantly, neither has any of the other attorneys in his firm who are actively involved in this case and are (presumably) not overseas.

We repeat our request that the stay be vacated at this point as a result of the contemnors *repeated* failures (as outlined in my letter to the Court of yesterday) to comply with the conditions imposed by the Court.

Thank you for your attention,

Mike Levine

**LEVINE & ASSOCIATES, P.C.**
*Attorneys-at-Law*

1