# EXHIBIT 1

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-----------------------------------------X

In re Mosdos Chofetz Chaim Inc.                        : Civ. Docket No. 22-270

                                          Plaintiff,       :

-----------------------------------------X

## DECLARATION OF HENOCH ZAKS

I, Henoch Zaks, hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1. I am a trustee of Defendant Congregation Radin Development Inc. ("CRDI") and, as such, I am fully familiar with the facts and circumstances as are related herein. This declaration is submitted in opposition to the motion by Appellant Rabbi Mayer Zaks ("Rabbi Mayer") for a stay pending appeal of a May 25, 2021 Bankruptcy Court Injunction Order (the "Injunction") which prohibited Appellant from entering onto property privately owned by CRDI (the "CRDI Property"), including certain housing units located thereupon and a Yeshiva building being leased exclusively to Chofetz Chaim Inc. ("CCI").

2. Aside from the irreparable harm to CRDI and CCI by having Rabbi Mayer and his group (who are hell bent on our destruction, chasing away prospective tenants, harassing tenants not to pay rent, and intimidating people who enter the CCI building for worship and study)[1] simply

---

[1] This harassment has continued to date and, as recently as ten days ago, movant Mr. Nachum Brody has been effective in harassing a worshiper for approximately one hour to stop him from praying and studying in the CCI building. Movants have argued to this court that doing this while trespassing on our campus is their first amendment right. Although I do not profess to be an attorney I don't think the first amendment allows me to enter your private property and harass your family.

remaining on CRDI's Property in any capacity, the claim by Rabbi Mayer that he should be permitted to disturb the nine-month old status quo by now trespassing into the CCI Yeshiva (and consequently disturbing *CCI's* congregation and its religious worship there) because there is, purportedly, no place in the area to live and no place for his weekend congregation is demonstrably false.

3.    I have easily found, in only a half-hour of research, three residential homes of comparable size to those illegally and contemptuously being occupied by Rabbi Mayer and his family on the CRDI property *and* a suitable location only a short walk away for his weekend prayer group.  CCI is prepared to immediately enter into leases for those properties and assign the same to Rabbi Mayer and his family upon proper guarantees of payment by him for the same.

4.    The homes are all withing a four-minute walk from the CRDI Property and consist of: (i) a four-bedroom, three-bathroom house with a study, comprised of 1800 square feet (not including the finished basement); (ii) a six-bedroom, three-bathroom newly renovated home comprised of 2500 square feet (not including basement); and (iii) a four-bedroom, three-bathroom house comprised of 2150 square feet.  The space available for the weekend congregation is within a half-mile from those homes.[2]

5.    Additionally, Movants have found space for the weekend congregation that Rabbi Mayer has been conducting outside of the CRDI Property for the past nine months.[3]  It is highly suspect that now, when movants are *finally* about to be removed from the CRDI Property (which

---

[2] At this time, we do not wish to reveal the addresses of these homes or of the worship space because, based upon his past history, Rabbi Mayer and his family will do anything to torpedo the lease availability to further their false narrative. We will be happy to reveal the property locations to the Court *in camera* if the Court so wishes.

[3] Rabbi Mayer's claimed "congregation" has services in that location only on the Sabbath.

they should have vacated *two years ago*) that they are presently illegally occupying in violation of *multiple* Bankruptcy Court orders (which have been affirmed by the District Court), they conveniently obtain "notice" from the owner of the space they have been using for the past nine months, that, at some unspecified later date, movants may be unable to continue to use that space on the weekends.

6. Even if I was not able to have found alternative space for them to rent, Rabbi Mayer and his group should not be entitled to any relief or stay, but rather should be removed from the CRDI Property that they are trespassing on *forthwith*. Neither Rabbi Mayer nor anyone else has presented any evidence that they tried finding other places in the area to live or worship and that it was not possible. Their claims of hardship (aside from being false) are self-serving and self-caused, at best, and more likely just plain fiction. In addition to what I have already found (and described above), there are several synagogues, yeshivas, private schools, and two public schools, all nearby that may be willing to give Rabbi Mayer weekend space in the area. Perhaps one of his congregants or other supporters may be willing to allow use of their home or property for his needs. The other side of school building that Rabbi Mayer has been using for the past nine months has another school owned by a separate entity that may be willing to give him space as well. Similarly, a large congregation is using a tent just a block away and that would work for Rabbi Mayer as well. Rabbi Mayer's son-in-law, Nachum Brody (who has also been held in contempt by the Bankruptcy Court) has use of a house literally next door to his current worship space (although Mr. Brody falsely claims the house is supposedly his brother's) and he would undoubtedly allow Rabbi Mayer use of that home or property as well.

7. In short, Rabbi Mayer has not made any showing based upon any proof that he or anyone of his family members have diligently tried and are truly unable to find *anyplace* else to live or

3

worship in the vicinity. This is because Rabbi Mayer and his group are not *really* interested in doing so; instead trying to living on CRDI's property so that they can continue their ongoing quest to destroy CCI's and CRDI's growth. They are well aware that their ability to interfere with CRDI and CCI will come to a sudden stop the day they are removed from the property that CRDI Paid over $25 million to acquire years ago. This is a transparent attempt, yet again, by Rabbi Mayer and his family members to destroy CRDI from within its own Property and destroy CCI within its *exclusive* place of worship.

8. We now know that space *is* available both for residency and Rabbi Mayer's weekend congregation. This entire motion, it is respectfully submitted, is meritless.

9. On behalf of CRDI, I respectfully request that the stay of the now more than one-year old Injunction, independently affirmed by the District Court, be denied in its entirety.[4]

9. I affirm under the penalty of perjury that the foregoing is true and correct.

Henoch Zaks

Affirmed: June 3, 2022

---

[4] Yesterday, Bankruptcy Judge Drain issued a temporary stay of his Second Enforcement Order (which required Rabbi Mayer and his family members to return the CRDI Property that they are illegally occupying in violation of the Injunction pending, *inter alia*, this Court's determination of the instant motion, and their expedited appeal of the same to the District Court. Therefore, to the extent that the "emergency" cited by Rabbi Mayer (*to wit*, that he and his family will be forcibly ejected from the CRDI housing units that they are illegally occupying) is not an immediate threat. There is, therefore, no present urgency for *any* stay at all pending the instant appeal, let alone a stay that *alters* the none-month old status quo. However, if any stay at all is considered by this Court (which it should not be), it should be strictly limited to a stay on Rabbi Mayer's (the only appellant on this appeal) prohibition from entering into the housing unit that he is illegally occupying during the pendency of this appeal, provided that Appellant expeditiously prosecutes this appeal. While I do not believe that such relief is warranted on the record before this Court it is the *absolute* outside limit of what should even be considered here.

4