# LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York 10583-2707
e-mail: ml@LevLaw.org
Fax (914) 725-4778
Telephone (914) 600-4288

July 7, 2022

**Via ECF and email**

Hon. Sean H. Lane, U.S.B.J.
300 Quarropas Street
White Plains, NY 10601-4140

### RE: *Congregants of Mosdos v. Mosdos (21-07023)*

Dear Judge Lane:

The undersigned is counsel to Chofetz Chaim Inc. ("CCI") and this letter is submitted jointly with Tracy Klestadt, Esq., counsel for Congregation Radin Development Inc. ("CRDI"), both defendants in the above-referenced adversary proceeding. Prior to this case being assigned to Your Honor, Judge Drain issued an Injunction on May 24, 2021 (modified on May 25, 2021) [DE-24, the "Injunction"],[1] which, *inter alia*, enjoined Rabbi Mayer Zaks ("Rabbi Mayer"), the Plaintiffs, and their respective agents and other persons in active concert with them, from entering onto the real property owned by CRDI located at 1-50 Kiryas Radin Drive, Spring Valley, New York (the "CRDI Property").[2] When Rabbi Mayer and others associated with him ignored that Injunction, CCI and CRDI moved on June 3, 2021 to hold them in contempt and, on June 15, 2021 (after a hearing) Judge Drain issued an order holding Rabbi Mayer and others in contempt of court for their violations of the Injunction and awarding coercive monetary sanctions for any future violation of the same [DE-54]. Rabbi Mayer and his associates having still refused to comply with

---

[1] Rabbi Mayer (and no other person who was the subject of or affected by the Injunction) thereafter appealed from the Bankruptcy Court's issuance of the Injunction to the District Court which Court (Hon. Philip M. Halpern) affirmed the same in all respects by Order dated January 6, 2022 [DE-29 in 21-cv-5654]. Rabbi Mayer then appealed to the Second Circuit, which appeal is presently pending there under Case No. 22-270.

[2] The CRDI Property was transferred from the Debtor, Mosdos Chofetz Chaim, Inc. ("Mosdos"), to CRDI pursuant to Mosdos' Confirmed Plan of Reorganization and Judge Drain's Confirmation Order in October of 2019. After the transfer, Rabbi Mayer challenged the same and brought an action in state court seeking to set aside the transfer, which was removed to the District Court and then referred to the Bankruptcy Court and assigned to Judge Drain. In that Adversary proceeding, *Mosdos Chofetz Chaim, Inc., et. al. v. Mosdos Chofetz Chaim, Inc, et, al.*, Adv. Pro No. 20-08949), Judge Drain, after extensive proceedings and an evidentiary trial, issued an Order on April 2, 2021 dismissing that adversary proceeding and determining that CRDI was, in fact, the lawful owner of the CRDI Property [DE-149]. Plaintiffs appealed that determination to the District Court and the same was thereafter affirmed by Judge Halpern on December 7, 2021 [DE-49 in 21-cv-02872].

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Sean H. Lane, U.S.B.J.
Page 2                                                                                                                July 7, 2022

Injunction, CRDI and CCI brought a motion on July 7, 2021 [DE-65] for the imposition of monetary judgments against them in the amount of the previously imposed coercive sanctions. On September 8, 2021 (again, after an evidentiary hearing), Judge Drain issued an Order (the "First Enforcement Order") making findings of fact, denying the First Enforcement Motion without prejudice, and reimposing coercive monetary sanctions for any future violations of the Injunction [DE-122].[3]

Notwithstanding that Rabbi Mayer and his family members (the "Contemnors") thereafter unsuccessfully attempted to obtain a stay of the First Enforcement Order from both the Bankruptcy Court and the District Court, they continued to violate the Injunction. Consequently, on November 19, 2021, CRDI and CCI filed a new motion [DE-134] which sought monetary judgments against the Contemnors in the amount of the coercive sanctions, actual and punitive damages against them, and a Writ of Body Attachment directing that the United States Marshal's Service physically remove from the CRDI Property any of the Contemnors who thereafter entered or remained on the CRDI Property in violation of the Injunction and/or the First Enforcement Order. On April 14, 2022 (again after an extensive evidentiary hearing), Judge Drain issued an order [DE-198, the "Second Enforcement Order"] which found that "Movants have established by clear and convincing evidence that Rabbi Mayer Zaks [and others of his family members] each intentionally violated the Injunction and First Enforcement Order by each repeatedly entering onto, using and occupying the CRDI Property after 5:00 pm EST on September 8, 2021 ..." Consequently, the Second Enforcement Order (aside from issued monetary judgments against the Contemnors) (i) directed the Contemnors to convey to CRDI possession of, and to entirely vacate, or before June 15, 2022, any housing unit on the CRDI Property being occupied by them, (ii) issued a FRCP Rule 70 judgment of possession of such units in favor of CRDI and against the Contemnors, and (iii) directed that, if the Contemnors failed to vacate and deliver the units by June 15, 2022, a Writ of Assistance would be issued to the United States Marshall's office to physically remove the Contemnors, and all person acting in concert with them, from the CRDI Property.

On May 17, 2022, the Contemnors applied to the Bankruptcy Court for a stay of the Second Enforcement Order pending their appeal of the same, asserting that its burden of proof was to "demonstrate a substantial possibility, although less than a likelihood, of success on appeal" [Contemnors' Brief, DE-237 in this case, p. 3]. CRDI and CCI argued (with citations to Supreme Court authority) that to obtain such a stay, the Contemnors were required to "make a strong

---

[3] Among those findings of fact were that "[a]s a matter of law and fact, CRDI is the owner in fee simple of the CRDI Property free and clear of any and all claims or claimed rights to use or occupy any portion of the CRDI Property by Rabbi Mayer Zaks [and certain of his family members]" and "[a]s a matter of law and fact, CRDI has the legal power and authority to exclude and/or remove any and/or all persons it wishes from the CRDI Property ..." Judge Drain did not then issue monetary judgments "on the sole ground that before the issuance of this Order there was a fair ground for doubt that their entry onto the CRDI Property ... was not violative of the Injunction pursuant to the United States Constitution and/or applicable New York law." The Court went on to state that "[h]owever, the Court having now eliminated any such fair ground for doubt, any future violation of the Injunction will result in the enforcement and imposition of the coercive sanctions previously stated by the Court in the Contempt Order."

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

Hon. Sean H. Lane, U.S.B.J.
Page 3                                                                                                          July 7, 2022

showing that it is likely to succeed on the merits of the appeal" [DE-242, p. 10]. In their reply [DE-243, p. 2], the Contemnors argued that "CRDI stumbles right out of the gate. They (sic) argue that the [Contemnors] must 'make a strong showing that [the appeal] is likely to succeed on the merits' ... that is not the standard in this Circuit. In the Second Circuit, a party seeking a stay must demonstrate that there is "a substantial possibility, although less than a likelihood, of success on appeal." Relying on the Contemnors assertion that the "possibility of success," rather than the "likelihood of success" standard applied, Judge Drain issued an order staying, until August 1, 2022, the Second Enforcement order to the extent that it directed the Contemnors and persons acting in concert with them to vacate the housing units on the CRDI property by June 15, 2022 [DE-246].

On May 24, 2022 (after filing the stay motion with the Bankruptcy Court), Rabbi Mayer filed a separate "emergency" motion in the Second Circuit [DE-37 in Case No. 22-270] in connection with his underlying appeal of the Bankruptcy Court's Injunction (which had been affirmed by the District Court more than four months earlier). On July 6, 2022, a Second Circuit motion panel (consisting of Chief Judge Livingston and Circuit Judges Cabranes and Lohier, Jr.) issued an order denying Rabbi Mayer's motion for a stay of the Injunction pending appeal. A copy of that Order is attached hereto. In that Order, the Court cited, in connection with the denial of the stay motion, its prior decision in *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020). In that case, the Court ruled, *inter alia*, that: "[t]he factors relevant in assessing a motion for a stay pending appeal are the applicant's 'strong showing that he is likely to succeed on the merits ...'" 974 F.3d at 214 (citing the Supreme Court case of *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 ([2009]). Thus, the Second Circuit made it absolutely clear that for the issuance of a stay pending appeal the movant must make a "strong showing of a *likelihood* of success on the merits" of the appeal, not merely a substantial *possibility* of success. The Second Circuit clearly determined here that Rabbi Mayer failed to make such a showing with respect to the Injunction.

Given those changes in circumstance, and the now clear confirmation from the Second Circuit that the "strong likelihood of success" standard (rather than the "possibility of success standard erroneously advanced by the Contemnors) applies here, CRDI and CCI intend to file a motion for vacatur of the stay forthwith as that standard was not (and cannot possibly be) met by the Contemnors. As per the Court's Chambers Rules, we are copying Ms. Ebanks on this email and requesting that she advise us as to the next available date for such motion so that we can file the appropriate notice.

Thank you for your attention.

                                                                    Respectfully,

                                                                    MICHAEL LEVINE

cc. All counsel (via ECF and email).

S.D.N.Y.
21-cv-5654
Halpern, J.
Drain, B.J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-two.

Present:
> Debra Ann Livingston,
> *Chief Judge,*
> José A. Cabranes,
> Raymond J. Lohier, Jr.,
> *Circuit Judges.*

---

In Re: Mosdos Chofetz Chaim, Inc.,

---

Mayer Zaks

> *Appellant,*

v.                                                                                                22-270

Mosdos Chofetz Chaim, Inc.,

> *Debtor-Appellee,*

Chofetz Chaim Inc., Aryeh Zaks, Congregation
Radin Development Inc.,

> *Appellees.*

---

Appellant moves for a stay pending appeal of the bankruptcy court's May 24, 2021 and May 25, 2021 orders enjoining him from entering onto a property with disputed ownership, which were affirmed by the district court. Appellant also moves to hold the instant appeal in abeyance pending resolution of a separate appeal, involving the same parties, now before this Court, in *In Re: Mosdos Chofetz Chaim Inc.*, 2d Cir. 22-33.

CERTIFIED COPY ISSUED ON 07/06/2022

Upon due consideration, it is hereby ORDERED that the motion for a stay pending appeal is DENIED, *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020), and the motion to hold the appeal in abeyance is GRANTED. *Rodriguez v. Gusman*, 974 F.3d 108, 113 (2d Cir. 2020).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2