

White Plains
81 Main Street, Suite 400
White Plains, NY 10601
914.607.7010 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan

Daniel S. Alter
*Partner*
dalter@abramslaw.com

July 8, 2022

*BY ECF*

Hon. Sean H. Lane
United States Bankruptcy Court
Southern District of New York
Charles L. Brieant Jr. Federal Building & U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

   Re: *In re Mosdos Chofetz Chaim Inc.*, Adv. Pro. No. 21-07023(SHL)

Dear Judge Lane:

  This firm represents nonparties Rabbi Mayer Zaks and 28 other members of his family, most of whom are elderly, small children, and infants (the "Zaks Family"). I write respectfully in brief response to the letter submitted yesterday by defendants Chofetz Chaim Inc. and Congregation Radin Development Inc. (collectively, "Defendants"), requesting a hearing date for their anticipated motion to vacate a stay of eviction, entered by Judge Drain on June 3, 2022 ("Eviction Stay"). The Zaks Family intends to cross move to extend the Eviction Stay beyond its present limit of August 1, 2022. We therefore respectfully request that the Court schedule the same hearing date for that cross motion.

  On April 14, 2022, Judge Drain held the Zaks Family in contempt for violating an order that barred them from entering upon an Orthodox Jewish religious campus where they have lived and worshipped with their congregation for over twenty years. That injunction is presently on appeal to the United States Court of Appeals for the Second Circuit. As a contempt sanction, Judge Drain ordered that the Zaks Family be evicted from their homes. That order is presently on expedited appeal to the District Court.

  There remain compelling reasons to maintain the Eviction Stay in place pending appeal from the Court's contempt order. And contrary to the Defendants' argument, the Second Circuit's recent decision not to stay the injunction – *a separate and distinct order from the eviction order* – does not change those circumstances.

By not staying the injunction – which has been in place for over a year – the Second Circuit merely declined to permit members of the Zaks Family from reentering the religious school and synagogue on the premises for the purposes of conducting educational programs and religious services. But whether to stay the eviction of the Zaks Family *from their homes* was never presented to, or decided by, the Court of Appeals. In fact, the Second Circuit was informed that Judge Drain had granted the Eviction Stay.

We thank the Court for its consideration of our request.

Respectfully submitted,

ABRAMS FENSTERMAN, LLP

By: _____

Daniel S. Alter, Partner
*Counsel for the Zaks Family*

Cc:    All counsel by ECF