# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York 10583-2707**
**e-mail: ml@LevLaw.org**
**Fax (914) 725-4778**
**Telephone (914) 600-4288**

July 8, 2022

**Via ECF and email**

Hon. Sean H. Lane, U.S.B.J.
300 Quarropas Street
White Plains, NY 10601-4140

### *RE: Congregants of Mosdos v. Mosdos (21-07023)*

Dear Judge Lane:

We are in receipt of a letter from, Daniel S. Alter, Esq. responding to our letter of yesterday requesting a hearing date for our intended motion to vacate a stay of Judge Drain's Second Enforcement Order. While we disagree with much of Mr. Alter's historical recitations,[1] we have no objection to the hearing date also including any motion that his clients wish to make seeking to extend the expiration date of the stay. We do not, however, believe that the same should be by way of a "cross-motion," a practice that is not recognized under either the Federal Rules of Civil Procedure (see Rule 7) or the Federal Rules of Bankruptcy Procedure (see Rule 9013). Therefore, if Mr. Alters' clients intend to move to extend the satay expiration date, they must do so by separately filed motion. Thus, whatever hearing date is scheduled by the Court, both the motion to vacate the stay and the motion to extend the stay expiration date should both comply with the filing deadlines under Local Rule 9006-1. That way, each side is able to submit a reply on its respective motion, and neither has any "last word" advantage.

---

[1] For example, Judge Drain's order requiring the turn over of property belonging to Congregation Radin Development was issued pursuant to FRCP Rule 70 (as incorporated by FRBP Rule 7070) as an enforcement for its prior Injunction, not as a "sanction" for contempt (which contempt sanction for the same was, rather, by way of separate by way of monetary awards). By way of further example, the motion that Mr. Alter's clients made to the second circuit sought to stay the *entirety* of the Injunction which formed the basis for the Rule 70 turnover order. That Injunction prohibited the "Zaks Family" (in Mr. Alter's words) from entering onto *any portion* of the property owned by Congregation Radin Development Inc. (the "CRDI Property"), *not* just the "religious school and synagogue on the premises." Their motion to the Second Circuit sought to enable them to continue to enter onto *all parts* of the subject premises. The Second Circuit (for very good factual and legal reasons) and applying the correct "strong showing of a likelihood of success" criteria for a stay pending appeal, declined to do so.

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

**Hon. Sean H. Lane, U.S.B.J.**
**Page 2**                                                                                    **July 8, 2022**

Thank you for your attention.

Respectfully,

s/ *Michael Levine*

MICHAEL LEVINE

cc. All counsel (via ECF and email).