ABRAMS FENSTERMAN, LLP
81 Main Street, Suite 400
White Plains, New York 10601
(914) 607-7010
*Counsel for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOSDOS CHOFETZ CHAIM INC.,<br><br>Debtor. | Chapter 11 – Post Confirmation<br><br>Case No. 12-23616 (SHL) |
| CONGREGANTS OF MOSDOS CHOFETZ CHAIM INC. A/K/A KIRYAS RADIN,<br><br>Plaintiffs,<br><br>- against -<br><br>MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC., TBG RADIN LLC, SHEM OLAM, LLC, CONGREGATION RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE WALDMAN ZAKS, MENDEL ZAKS, GITTEL ZAKS LAYOSH, ELIYAHU LAYOSH, SAMUEL MARKOWITZ, DEBORAH ZAKS HILLMAN, YOM T. HENIG, STEVEN GREEN, DANIEL GREEN, ABRAHAM ZAKS and STERLING NATIONAL BANK,<br><br>Defendants. | Adv. Proc. No. 21-7023 (SHL)<br><br>**DECLARATION OF SHIMON ZAKS** |

Shimon Zaks, under penalty of perjury and pursuant to 28 U.S.C. § 1746, submits this declaration in support of Movant's motion to extend the stay of eviction pending appeal,

1. I am among the Movants who are presently seeking to extend the stay of the Court's prior order in this matter, which directed the eviction of me and numerous of my family members from their homes located on Kiryas Drive (a/k/a/ 1-60 Kiryas Radin Drive), in Spring Valley, Rockland County, New York.

2. I make this declaration based upon my personal knowledge and in response to certain false accusations asserted by Henoch Zaks in opposition to the Movants' request for an extended stay.

3. Henoch Zaks states in his declaration that "I am personally aware that [Lonna Ralbag's] son is a close friend of Rabbi Mayer who has dinner at Rabbi Mayer's house on a regular basis." Declaration of Henoch Zaks, dated September 5, 2022 ("HZ Dec."), ¶ 7. That is a false statement. Our family does not know any of Ms. Ralbags' sons and none have eaten in our home. Ms. Ralbag's brother, Asher Aryeh, is a member of our Shul for many years and our family is acquainted with him. We did not retain Ms. Ralbag upon the recommendation of her brother.

4. Relying on a photograph of an electrical cord running along the outside wall of a building and between upper and lower floor the windows, which he claims is "incontrovertible evidence," Henoch Zaks further accuses me and my father of "stealing" electricity from CRDI. HZ Dec. ¶¶ 21-26. That is a false statement. We pay for the electric service in our townhouse, including the electric service in our basement area. An electric cord, which ran from our basement area to an upper floor window in our home, drew power from *our* utility account. That situation lasted for one or two days and occurred approximately a week ago. No theft of energy was involved.

5. Lastly, Henoch Zaks maintains that our residing in our homes interferes with CRDI's ability to provide housing to religious students associated with the school located on CRDI property. *See* HZ Dec., ¶¶ 18-20. Those statements are false and highly misleading.

2

6. There are 60 residential units on the CRDI property, comprised of 28 townhouses and 32 apartments. Three of those units are occupied by Henoch Zaks, his father Aryeh Zaks, and his brother Gershon Zaks. Two other units are occupied by other relatives of Henoch and Gershon (Yisroel Margulies and Menashe Kalmanowitz).

7. All but one of the remaining residents of the CRDI housing units have *no* affiliation to the school located on the CRDI property. They are ordinary tenants and CRDI is simply their landlord. Attached hereto as Exhibit A is chart that identifies the present occupants of the CRDI housing units, their place of work or study, and their affiliation to the school.

Dated: Monsey, New York
September 8, 2022

_____
Shimon Zaks