# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York 10583-2707
e-mail: ml@LevLaw.org
Fax (914) 725-4778
Telephone (914) 600-4288

January 24, 2023

**Via ECF and email**

Hon. Sean H. Lane, U.S.B.J.
300 Quarropas Street
White Plains, NY 10601-4140

### RE: In re Mosdos Chofetz Chaim (Congregants of Mosdos v. Mosdos – 21-7023)

Dear Judge Lane:

The undersigned is counsel to the Defendants in the above-referenced Adversary Proceeding. As the Court is aware, there were several appeals taken by Rabbi Mayer Zaks ("Rabbi Mayer") and others to the Second Circuit from District Court affirmations of orders issued by either Judge Drain or your Honor. This is to advise the Court *all* of those appeals have resulted in *all* of those orders being affirmed, either by Second Circuit decision or by withdrawal with prejudice or each of the same.

The first two appeals (22-33-bk and 22-36-bk) were from Judge Halpern's affirmance of Judge Drain's orders (i) dismissing Rabbi Mayer's claim that he was actually in control of Mosdos and, therefore, that the transfer of the property at Kiryas Radin Drive was, therefore, unauthorized, and (ii) denying Rabbi Mayer's motion to reconsider Judge Drain's evidentiary ruling granting *in limine* relief resulting from Rabbi Mayer's orchestration of the burglary of the office of his brother, Rabbi Aryeh Zak's ("Rabbi Aryeh"). In a summary order by the Second Circuit issued on January 5, 2023, those orders were affirmed in all respects. A copy of the same is annexed hereto and labeled Exhibit "1".

The second appeal (22-270) was from Judge Halpern's affirmance of Judge Drain's injunction order prohibiting Rabbi Mayer and others from entering onto the Kiryas Radin Property. That appeal was determined by a January 20, 2023 Mandate by the Second Circuit so ordering a stipulation withdrawing that appeal with prejudice. A copy of that stipulation and mandate is attached and labeled Exhibit "2".

The third appeal (22-2905) was from Judge Halpern's affirmance of Judge Drain's order holding Rabbi Mayer and others in contempt and issuing the First Enforcement Order. The parties executed a stipulation of withdrawal on January 13, 2023; however no Mandate has yet been issued by the Second Circuit so ordering the same. A copy of that stipulation is annexed hereto and labeled Exhibit "3".

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

Hon. Sean H. Lane, U.S.B.J.
Page 2

January 24, 2023

The fourth appeal (22-2770) was from Judge Halpern's affirmance of Judge Drain's order evicting Rabbi Mayer and others from the Kiryas Radin Property.  That appeal was determined by a December 12, 2022 Mandate by the Second Circuit so ordering a stipulation withdrawing that appeal with prejudice.  A copy of that stipulation and mandate is attached and labeled Exhibit "4".

There is one remaining appeal in the underlying bankruptcy case, which is presently before Judge Karas [22-6201] from Judge Drain's dismissal of Rabbi Mayer's adversary proceeding seeking to revoke confirmation and Judge Drain's denial of Rabbi Mayer's motion to amend his complaint in that adversary proceeding.  The opening brief and our opposition brief have been filed, and Rabbi Mayer has until January 30, 2023, to file his reply brief.

There is also one remaining appeal to the Second Circuit (22-2926) in the related adversary proceeding of *Gewirtzman, et. al. v. Markowitz, et. al.* (Docket No. 21-7030, wherein Rabbi Mayer claimed that he and others [rather than its actual Trustees] was in control of CRDI from Judge Halpern's affirmance of Judge Drain's summary judgment dismissal of that adversary proceeding. If appellants proceed with that appeal, their opening brief is due February 22, 2023.

Thank you for your attention.

Respectfully,

s/ *Michael Levine*

MICHAEL LEVINE

cc. All counsel (via email).

# EXHIBIT 1

22-33-bk (L)
*In re Mosdos Chofetz Chaim Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-three.

PRESENT:    JOHN M. WALKER, Jr.,
            GERARD E. LYNCH,
            ALISON J. NATHAN,
                *Circuit Judges.*

_____

In re Mosdos Chofetz Chaim Inc.,

                *Debtor.*

_____

Mosdos Chofetz Chaim Inc.,

                *Debtor-Appellant,*

Mayer Zaks, derivatively on behalf of Mosdos Chofetz Chaim Inc.,

                *Plaintiff-Appellant,*

        v.                                              Nos. 22-33, 22-36

Mosdos Chofetz Chaim Inc., Aryeh Zaks, and Congregation Radin Development, Inc.,

                *Defendants-Appellees,*

Case 22-33, Document 101-1, 01/05/2023, 3446849, Page2 of 9

Chofetz Chaim Inc.,

*Defendant.*

---

FOR PLAINTIFF-APPELLANT:    ELISHA J. KOBRE, Bradley Arant Boult
                            Cummings LLP (Julie Pechersky Plitt,
                            Oxman Law Group, PLLC, Avrom R. Vann,
                            Avrom R. Vann, P.C., *on the brief*)

FOR DEFENDANTS-APPELLEES:    MICHAEL LEVINE, Levine & Associates,
                            P.C. (Tracy Klestadt, Brendan Scott,
                            Klestadt Winters Jureller Southard &
                            Stevens, LLP, *on the brief*)

Appeal from an order of the United States District Court for the Southern District of New

York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the order of the district court is **AFFIRMED**.

This appeal stems from a dispute between brothers Rabbi Mayer Zaks and Rabbi Aryeh

Zaks concerning the assets of Mosdos Chofetz Chaim Inc. ("Mosdos"), a religious organization that

they lead. We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision.

## BACKGROUND

### I.    Chapter 11 Proceedings

In 2012, Mosdos filed for Chapter 11 bankruptcy in the Southern District of New York.

Mosdos's primary asset was a religious school campus in Spring Valley, New York ("the

Property"). TBG Radin LLC acquired a mortgage on the Property, which was worth

approximately $25 million by 2019.

2

In 2019, the bankruptcy court issued a Confirmation Order approving a Reorganization Plan. The Reorganization Plan and Confirmation Order provided that if Mosdos believed it was unable to make payments on the TBG mortgage, it "shall be authorized to sell the Property" to a qualified religious or not-for-profit corporation in order to pay the debt. App'x 1109. They stated that the sale "shall be subject to any necessary approval under section 363(d)(1) of the Bankruptcy Code, including any such approval by the New York Attorney General under New York Religious Corporations Law," and Mosdos "shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan, including obtaining any such approval." *Id.* at 1110–11. The Confirmation Order also provided that Mosdos's "officers and directors shall remain in place unchanged" and Mosdos would "continue to be managed by Rabbis Aryeh and Mayer Zaks." *Id.* at 1335.

## II. The Alleged Fraudulent Scheme

Mayer Zaks alleges that around the time of the Reorganization Plan and Confirmation Order, Aryeh Zaks orchestrated an elaborate scheme of theft, fraud, and self-dealing to divest Mosdos of its assets and abscond with several million dollars in the process. The scheme allegedly involved (1) creating several sham religious corporations; (2) tricking TBG into assigning the TBG mortgage to one of the sham corporations for no consideration, when TBG actually intended to assign the TBG mortgage to Mosdos; (3) unilaterally replacing Mosdos's board with Aryeh Zaks's immediate family members to fraudulently sell the Property to one of the sham corporations; and (4) taking out a $15 million mortgage on the Property and misappropriating the $15 million for Aryeh Zaks's personal use. Aryeh Zaks denied the allegations of theft, fraud, and self-dealing, claimed that the Property sale was legitimate, and disputed that Mosdos's board had changed.

3

Case 22-33, Document 101-1, 01/05/2023, 3446849, Page4 of 9

III. Adversary Proceedings

Mayer Zaks brought a derivative action in New York state court on behalf of Mosdos against Aryeh Zaks and others. Appellees removed the action to the district court, which then referred it to the bankruptcy court. The bankruptcy judge determined that two "Contested Issues" would resolve the entire case: (1) whether Mosdos's board and corporate governance complied with the Reorganization Plan and Confirmation Order on the date of the Confirmation Order and the date of the Property transfer, and (2) whether the Reorganization Plan and Confirmation Order permitted the Property transfer without further approval from the New York State Attorney General, and if not, whether such approval was obtained.

During discovery, following a hearing on a motion *in limine*, the bankruptcy court found that Mayer Zaks's son, acting as his agent, broke into Aryeh Zaks's office and stole and destroyed evidence relevant to the identity of Mosdos's board. The bankruptcy court issued an evidentiary ruling barring Appellants from offering evidence on that matter, which effectively resolved the first Contested Issue in Appellees' favor. Shortly thereafter, the bankruptcy court found that Appellants had waived the second Contested Issue in a pretrial brief. Because the two Contested Issues were resolved, the bankruptcy court granted Appellees' motion to dismiss. It simultaneously denied a motion by Appellants to reconsider its evidentiary ruling.

On appeal, the district court determined that Appellants waived all their arguments by failing to raise them in the bankruptcy court, and that even if the arguments had not been waived, they were substantively meritless. This appeal followed.

## STANDARD OF REVIEW

We review the district court's decision *de novo*, the bankruptcy court's legal determinations

4

Case 22-33, Document 101-1, 01/05/2023, 3446849, Page5 of 9

*de novo*, and the bankruptcy court's findings of fact for clear error. *See* 28 U.S.C. § 158(d);
*Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382, 387 (2d Cir. 2018).

## DISCUSSION

Appellants argue that the bankruptcy court (1) erred by narrowing their causes of action to
the two Contested Issues, which ultimately led to the grant of the motion to dismiss; (2) lacked
authority to enter final judgment and was required to abstain from adjudicating the dispute; (3)
lacked post-confirmation subject-matter jurisdiction; (4) violated Mosdos's due process rights; and
(5) erred by finding that Appellants waived the second Contested Issue.

## I.    Narrowing of the Issues

Appellants claim that the bankruptcy court improperly dismissed their complaint once it
resolved the two Contested Issues without separately analyzing their nine state-law causes of action.
They argue that the two Contested Issues were not dispositive of many of the claims and that
dismissing the entire action deprived them of an opportunity to be heard.

We agree with the district court that this argument is waived. Before narrowing the claims,
the bankruptcy judge repeatedly asked Appellants whether their arguments all hinged on the two
Contested Issues. Appellants did not directly answer the court's question or otherwise object to
its framing of the case, and they allowed the litigation to proceed through more than a year of
discovery structured on the two Contested Issues. Appellants objected to the narrowing of the
issues on appeal in the district court. But a party to a bankruptcy action waives an argument by
failing to raise it in the bankruptcy court, even if they subsequently raise the argument in the district
court on appeal. *Manville Corp. v. Travelers Indem. Co.* (*In re Johns-Manville Corp.*), 759 F.3d
206, 209, 219 (2d Cir. 2014). Therefore, Appellants waived their objection to the bankruptcy

court's decision that the two Contested Issues were determinative of all nine state-law claims. Because the bankruptcy court structured the case around the two Contested Issues, without objection, it was proper to dismiss Appellants' claims once the Contested Issues were resolved .

## II.  The Remaining Arguments

Contrary to the district court's conclusion, Appellants' remaining arguments are not waived, because they raised them in the bankruptcy court.[1]  Moreover, subject-matter jurisdiction can never be waived.  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  However, we reject each argument on the merits.

### A. Authority and Abstention

Appellants argue that their claims did not fall within the bankruptcy court's "core" jurisdiction, so the bankruptcy court lacked authority to enter final judgment and was required to abstain from adjudicating the case.

A bankruptcy court's authority to enter final judgment is limited by statute and by the Constitution.  The statutory authority varies based on the type of bankruptcy proceeding.  In core proceedings—those "arising under" the Bankruptcy Code or "arising in" a bankruptcy case— bankruptcy courts may "hear and determine" claims and "enter appropriate orders and judgments," subject to appellate review by the district courts.  28 U.S.C. § 157(b)(1); *Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 153 (2d Cir. 2016).  In non-core proceedings— which include those "related to" a bankruptcy case—bankruptcy courts may only "submit proposed

---

[1] Appellants did not specifically object to the bankruptcy court's constitutional authority, as a non-Article III court, to adjudicate their state-law claims.  While they argued the bankruptcy court lacked subject-matter jurisdiction, they do not appear to have argued that Article III required *de novo* review by the district court of the bankruptcy court's proposed findings of fact and conclusions of law.  Even assuming there was an appropriate objection, however, we reject their argument on the merits.

6

findings of fact and conclusions of law to the district court[s]," which then review their submissions *de novo* and enter final judgment.   28 U.S.C. § 157(c)(1); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015).   Because bankruptcy judges are not Article III judges, the Constitution prevents them from entering final judgment in certain proceedings without party consent, regardless of whether the proceedings would qualify by statute as core.   *See Stern v. Marshall*, 564 U.S. 462, 503 (2011).

The bankruptcy court in this case had statutory authority to enter final judgment on the Contested Issues because bankruptcy courts "plainly" have "arising in" jurisdiction to interpret and enforce their own prior orders.   *In re Motors Liquidation Co.*, 829 F.3d at 153 (quotation marks omitted).   Although Appellants invoked various state-law causes of action, the bankruptcy court only examined the two Contested Issues, which were fundamental bankruptcy issues because they involved a factual dispute over whether the Reorganization Plan was violated and an interpretive dispute over what the Reorganization Plan required.   The Court need not decide whether the bankruptcy court lacked constitutional authority because, when a district court reviews a bankruptcy court's decision *de novo* and enters its own final judgment, it cures any constitutional violation that may have occurred.   *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 39–40 (2014).

Appellants' mandatory abstention argument fails for the same reason.   Bankruptcy courts must abstain from hearing a proceeding when (1) a party files a timely motion for abstention; (2) the proceeding is non-core; (3) the only basis for federal jurisdiction is 28 U.S.C. § 1334; and (4) the action is based on a state-law claim, commenced in state court, and can be timely adjudicated in state court.   28 U.S.C. § 1334(c)(2); *see Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010).

Because the adversary proceeding was a core proceeding, the bankruptcy court was not required to abstain under § 1334.

### B. Post-Confirmation Jurisdiction

Appellants next argue that the bankruptcy court lacked post-confirmation subject-matter jurisdiction over the adversary proceeding because it did not have a "close nexus" to the bankruptcy plan.

For a bankruptcy court to retain continuing subject-matter jurisdiction following confirmation of a bankruptcy plan, the plan must provide for the retention of jurisdiction. *Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993). Other circuits have concluded that the post-confirmation proceeding must also have a "close nexus" to the confirmed bankruptcy plan. *See, e.g., Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168 (3d Cir. 2004). The Second Circuit has yet to adopt the close nexus test in a published opinion or determine whether it extends to core proceedings. *See Vanguard Prods. Corp. v. Citrin (In re Indicon, Inc.)*, 645 F. App'x 39, 40 n.1 (2d Cir. 2016) (summary order). We need not reach the issue because, assuming the test applies, the post-confirmation proceedings here had a close nexus to the Reorganization Plan: the first Contested Issue involved a factual dispute over whether the Reorganization Plan was violated, and the second Contested Issue involved an interpretive dispute over what the Reorganization Plan required.

### C. Due Process

Appellants argue that the bankruptcy court violated Mosdos's due process rights by issuing its evidentiary ruling on the motion *in limine* while Mosdos was unrepresented by counsel, without

8

notifying Mosdos of the relief sought against it or affording Mosdos an opportunity to be heard.

We are unpersuaded.   Appellant Mosdos had an opportunity to be heard through Mayer Zaks, given that Mayer Zaks brought the action derivatively on behalf of Mosdos.   Therefore, the interests of Mayer Zaks and Appellant Mosdos are necessarily the same, evidenced by the fact that they pursued the same arguments and filed the same briefs throughout the litigation.   Appellant Mosdos also had adequate notice.   The bankruptcy court twice notified the parties in advance— while Appellant Mosdos was represented by counsel—that the hearing on the motion *in limine* could potentially result in the dismissal of the entire case.

### D. Waiver of the Second Contested Issue

Finally, Appellants argue that the bankruptcy court erred by determining that the second Contested Issue was waived.   But in a pretrial brief, Appellants explicitly and unequivocally conceded the issue, and it is therefore waived.

\*        \*        \*

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9

# EXHIBIT 2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re:

MOSDOS CHOFETZ CHAIM INC.,

          Debtor.

Civ. Dkt. No. 22-270

RABBI MAYER ZAKS,

          Appellant.

      - against –

MOSDOS CHOFETZ CHAIM INC.,

          Debtor-Appellee,

      -and-

CHOFETZ CHAIM INC., ARYEH ZAKS,
CONGREGATION RADIN DEVELOPMENT INC.

          Appellees.

## STIPULATION OF WITHDRAWAL WITH PREJUDICE

The undersigned counsel for the parties stipulate that the above-captioned case is withdrawn with prejudice, without costs, and without attorneys' fees pursuant to FRAP 42(b).

Date:  January 19, 2023

          Daniel S. Alter
          Abrams Fensterman LLP
          81 Main Street
          White Plains, New York 10601
          (914) 607-7010
          *Attorneys for Appellants*

Date:  January 18, 2023

          Michael Levine
          Levine & Associates, P.C.
          15 Barclay Road
          Scarsdale, New York 10583
          (914) 600-4288
          *Attorneys for Appellees*

Date:   January 19, 2023

Brendan Scott
Klestadt Winters Jureller
Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
(212) 972-3000
*Attorneys for Appellees*

2

MANDATE

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January two thousand twenty-three,

---

In Re: Mosdos Chofetz Chaim Inc.,
                    Debtor.
*******************************

Mayer Zaks,

                    Appellant,

v.

Mosdos Chofetz Chaim Inc.,

                    Debtor - Appellee,

Chofetz Chaim Inc., Aryeh Zaks, Congregation Radin
Development Inc.,

                    Appellees.

---

**ORDER**
Docket No. 22-270

The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to FRAP 42.

The stipulation is hereby "So Ordered".

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*

MANDATE ISSUED ON 01/20/2023

# EXHIBIT 3

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| In re:<br><br>MOSDOS CHOFETZ CHAIM INC.,<br><br>                                Debtor. | Civ. Dkt. No. 22-2905 |

RABBI MAYER ZAKS, NOCHUM BRODY, LEAH
TOBY ZAKS BRODY, YISROEL HOCHMAN,
FAIGE ZAKS HOCHMAN, SIMA WEINTRAUB
ZAKS, SHIMON ZAKS, LEAH BERGMAN ZAKS,
                                   Appellants.

- against –

MOSDOS CHOFETZ CHAIM INC.,
                                 Debtor-Appellee,

-and-

CHOFETZ CHAIM INC., CONGREGATION
RADIN DEVELOPMENT INC., ARYEH ZAKS,
YOM T. HENIG, GITTEL ZAKS LAYOSH,
SAMUEL MARKOWITZ, ABRAHAM ZAKS,
BEATRICE WALDMAN ZAKS, HILLMAN
DEBORAH ZAKS, MENDEL ZAKS,
                                 Appellees.

## STIPULATION OF WITHDRAWAL WITH PREJUDICE

The undersigned counsel for the parties stipulate that the above-captioned case is withdrawn with prejudice, without costs, and without attorneys' fees pursuant to FRAP 42(b).

Date: January 13, 2023

                                   _____
                                   Robert A. Spolzino
                                   81 Main Street
                                   White Plains, New York 10601
                                   (914) 607-7010
                                   *Attorneys for Appellants*

Date: January_, 2023

                                   _____
                                   Michael Levine
                                   Levine & Associates, P.C.
                                   15 Barclay Road
                                   Scarsdale, New York 10583
                                   (914) 600-4288
                                   *Attorneys for Appellees*

# MANDATE

## UNITED STATES COURT OF APPEALS
### FOR THE
### SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two,

_____

In re: Mosdos Chofetz Chaim Inc.,

        Debtor

**ORDER**
Docket No. 22-2770

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rabbi Mayer Zaks, Sima Weintraub Zaks, Shimon Zaks, Nochum Z. Brody, Yisroel Hochman, Faige Hochman, Leah Brody,

        Appellants,

v.

Mosdos Chofetz Chaim Inc., Chofetz Chaim Inc., Congregation Radin Development, Inc.,

        Appellees.

_____

The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to FRAP 42.

The stipulation is hereby "So Ordered".

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 12/12/2022

# EXHIBIT 4

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------x

In Re: Mosdos Chofetz Chiam Inc.                    Civ. Dkt. No. 22-2770

------------------------------------------------------x


STIPULATION OF WITHDRAWAL WITH PREJUDICE

The undersigned counsel for the parties stipulate that the above-captioned case is

withdrawn with prejudice without costs and without attorneys' fees pursuant to FRAP 42(b).


Date:   December 8, 2022

                                                    Daniel S. Alter
                                                    Abrams Fensterman LLP
                                                    81 Main Street
                                                    White Plains, New York 10601
                                                    (914) 607-7010
                                                    *Attorneys for Appellants*


Date:   December __, 2022

                                                    Michael Levine
                                                    Levine & Associates, P.C.
                                                    15 Barclay Road
                                                    Scarsdale, New York 10583
                                                    (914) 600-4288
                                                    *Attorneys for Appellees*